*377
 
 Chief Judge Desmond.
 

 We are to decide not the underlying dispute between these parties but a question concerning the jurisdiction of the Appellate Division to hear an appeal attempted to be taken to that court but which was dismissed there on the ground that the order sought to be appealed from was not appealable without leave of court which had not been obtained.
 

 Mid-Island Hospital brought this article 78 CPLR proceeding against State Social Welfare Commissioner Wyman and Associated Hospital Service of New York. Mid-Island is a partnership which conducts a private proprietary hospital in Nassau County. Associated Hospital Service is a corporation which provides hospitalization insurance to its subscribers and in connection therewith compensates its hospital members (such as Mid-Island) for their services to the subscribers of Associated. The rate of compensation or reimbursement paid by Associated to hospitals for such services to subscriber patients is required by statute to be approved as to adequacy by the State Welfare Commissioner (Insurance Law, § 254, subd. 2). In 1962 there was disagreement between Mid-Island and Associated Hospital Service as to whether, in arriving at the reimbursement rate, there should be taken into account the full alleged rental set for the hospital premises in a sublease to Mid-Island. Associated refused to include this rental as part of Mid-Island’s cost and instead took the position that the rental reserved in the sublease was excessive and not binding on Associated. This question as to whether the full sub-rent or a lower figure was to be used came before the State Welfare Commissioner and he, on March 4, 1963, agreed with the position of Associated Hospital Service, deciding that the rent set by the sublease was not binding for reimbursement purposes, particularly since there was a “ substantial community of interest ” between the sublessor and Mid-Island. There was in existence at that time, adopted by the Commissioner pursuant to section- 254 of the Insurance Law, a
 
 ‘ ‘
 
 Formula ’ ’ which permitted the inclusion of rental as part of the reimbursable expense of a hospital provided that there was no substantial affiliation between lessor and lessee and provided that the amount of rent was reasonable in light of comparable costs incurred by other such hospitals. An article 78 proceeding (not the present one) was then instituted
 
 *378
 
 by Mid-Island to get a court review of the determination of the Commissioner and to obtain a ruling from the court that the rate arrived at by the use of the lower amount for rental was inadequate and that the Commissioner’s decision was, therefore, arbitrary. After a hearing Special Term on November 27, 1963 (41 Misc 2d 490) reversed and annulled the Commissioner’s determination and ordered as follows: that the Commissioner reconsider the reimbursement rate, that he expressly set forth the findings upon which his decision is based including an express finding as to whether there is a substantial affiliation between the hospital operators and the owners of the premises, and that he render and serve on petitioners within 30 days a new decision. Such was the first Special Term order.
 

 Pursuant to the court order the matter was resubmitted to the Commissioner who on March 2, 1964 made a new determination including some new findings. The Commissioner made findings as to the relations between the sublessor and the hospital partnership, pointed out that under section 35-b of the Social Welfare Law licensed physicians only may operate proprietary hospitals, and held that by reason of certain facts this hospital was actually being operated by the sublessor corporation and that, accordingly, the operation of the hospital was in violation of section 35-b and held that there was, therefore, no right of Mid-Island to any determination as to the adequacy of the reimbursement rate. A new article 78 proceeding (the present one) was then begun. The petition alleged, among other things, that the Commissioner’s second determination, made on the same facts that were before him the first time, is arbitrary and illegal because it ignored the Special Term decision and order of November, 1963. By another proceeding begun at the same time petitioner sought from the court an adjudication that the Commissioner was guilty of contempt for willfully disobeying the Special Term order. These two proceedings came on at Special Term before the same Justice who had made the earlier decision and he again reversed the determination of the Commissioner and again remanded the matter for the making of specific findings by the Commissioner, but withheld the decision in the contempt proceeding pending the Commissioner’s determination on the remand. The Commissioner appealed to Appellate Division, Second Department. The Appellate Division
 
 *379
 
 dismissed the appeal on the ground that the Commissioner’s determination was not appealable as of right. In other words, the Appellate Division took the position that the Commissioner’s order made on Special Term’s second remand was the kind of intermediate order described in CPLR 5701 ([b], 1) and so required leave to appeal from the court, which leave had not been obtained. We granted the petitioner leave to appeal to this court from that dismissal.
 

 The question to be answered here is: was the Special Term order which petitioner attempted to appeal to the Appellate Division a “ final judgment ” of the kind described in CPLR 5701 ([a], 1) and 7806 and accordingly appealable as of right to the Appellate Division, or was it a CPLR 5701 ([b], 1) intermediate order in an article 78 proceeding?
 

 The Special Term order of September 28, 1964 read with the court’s opinion embodied therein can be nothing other than or less than a final judgment. It annuls the Commissioner’s second determination. While in form it directs the making by the Commissioner of new findings, it insists that such findings “be rendered in accordance and not inconsistent with the findings contained in the decisions and memorandum and opinion ’ ’ of the court handed down in 1963 and 1964. This says and means these things: that the Commissioner must adopt Special Term’s finding that the $350,000 annual rent is to be included as a reimbursable expense, that the exclusion of that amount by the Commissioner results in an inadequate reimbursement rate to Mid-Island, and that the Commissioner’s asserted reason for his determination was erroneous since, as Special Term found, there was no substantial affiliation between the hospital operators and the owners of the premises and the hospital was in fact operated by duly licensed physicians only. The Special Term order, therefore, unmistakably commanded the Commissioner to make specified findings, the making of which could result in nothing other than a determination by the Commissioner that the $350,000 rent must be included in the reimbursement rate base. While a remand to the Commissioner was ordered, any action of his pursuant thereto would have had to conform in all respects with Special Term’s directions. Thus his action and function would be “purely ministerial”
 
 (Matter of Colonial Liq. Distrs.
 
 v.
 
 O’Connell,
 
 295 N. Y. 129, 134, and cases cited; Cohen and Karger,
 
 *380
 
 Powers of the New York Court of Appeals, pp. 49-55; for an example and discussion of a court order of the other sort directing further quasi-judicial action see
 
 Matter of North Amer. Holding Corp.
 
 v.
 
 Murdock,
 
 6 A D 2d 596, 599, 600, affd. 6 N Y 2d 902). If further demonstration is needed it is found in the direction made simultaneously by ¡Special Term that Special. Term is withholding decision on the motion to punish the Commissioner for contempt pending receipt of his determination on remand.
 

 The order appealed from should be reversed and the proceeding remanded to the Appellate Division to hear the appeal, without costs.
 

 Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
 

 Order reversed, etc.