■ HIGHLANDS INSURANCE COMPANY, as Subrogee of SANDRA KEMP, Appellant, v MADDENA CONSTRUCTION COMPANY, Respondent. — Orders unanimously affirmed, with costs, and motion denied. Memorandum: Plaintiff brought this action for negligence as subrogee of Sandra Kemp to recover costs it had paid in workers' compensation and medical benefits under a policy in effect between plaintiff and Kemp's employer. Issue was joined in December 1981, the parties served amended pleadings and plaintiff served a bill of particulars in February 1982. On May 25, 1982 defendant served a 90-day demand to file a note of issue (CPLR 3216 [b] [3]). Plaintiff did nothing in response. The parties conducted examinations before trial in November 1982. By notice of motion dated April 8, 1983, defendant moved to dismiss the complaint for failure to prosecute. In opposing the motion plaintiff's counsel argued that, because the demand had been served more than 90 days prior to expiration of the one-year statutory period of CPLR 3216, it was a nullity. Further, he contended that he had difficulty maintaining contact with Kemp and in obtaining medical authorizations. City Court rejected plaintiff's excuse for failing to file a note of issue or move for an extension of time and granted the motion to dismiss. County Court affirmed and held that service of the 90-day demand prior to expiration of the one-year statutory period did not render the demand a nullity, and that City Court did not abuse its discretion in granting the motion to dismiss because of plaintiff's failure to show a justifiable excuse for failure to file the note of issue. Plaintiff appeals from that order.

Defendant argues that the appeal must be dismissed because the language of the statute provides that an appeal may be taken to this court as of right from an order of a County Court which determines an appeal only from a *judgment* of a lower court (CPLR 5703 [b]). Strictly construed, that language would preclude an appeal from the County Court order before us which affirmed a City Court *order*.

We decline to dismiss the appeal. The dismissal for failure to prosecute pursuant to CPLR 3216 (b) (3), granted after the

Statute of Limitations had run, is a final determination of the action. Under such circumstances, where the rights of the parties are for all practical purposes finally determined, we believe such order is appealable as of right pursuant to CPLR 5703 (b) (*see, Matter of Mid-Island Hosp. v Wyman,* 15 NY2d 374, 379).

Defendant's motion to dismiss for failure to prosecute was properly granted. To defeat a motion for dismissal, plaintiff must show a justifiable excuse for failure to file a note of issue within the 90-day period and a meritorious cause of action (CPLR 3216 [e]; *Jones v First Fed. Sav. & Loan Assn.,* 101 AD2d 1005; *Meth v Maimonides Med. Center,* 99 AD2d 799). In opposition to the motion, plaintiff initially argued that the court did not have jurisdiction to decide the motion because the demand to prosecute was served more than 90 days prior to the one-year statutory period of CPLR 3216 and was therefore a nullity; it argued further that it had had difficulty in maintaining contact with the witness Kemp and in obtaining medical authorizations. With respect to the jurisdictional argument, there is no statutory basis for treating a demand made more than 90 days prior to the one-year period as a nullity (*see, Kushner v Camp Woodcliff,* 75 AD2d 952). Plaintiff proceeded at its risk to treat it as a nullity and must thus suffer the consequences. With respect to the other reasons given for failure to comply, the court found that plaintiff could give no satisfactory answer as to why it had not sought an extension of time to respond. Decisions on these motions are within the lower court's discretion. County Court found that there was no abuse of discretion and we see no reason to upset that determination.

Plaintiff's counsel argues that his appeal from an order affirming a judgment for costs against his client, which he obtained, permits review of the merits of the action. Appeal from the order affirming the judgment for costs presents only the issue of the propriety of the costs and that order is affirmed. (Appeal from orders of Monroe County Court, Celli, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and O'Donnell, JJ.