■ JACK W. ELLINGSWORTH, Appellant, v CITY OF WATERTOWN, Respondent.—Appeal unanimously dismissed, on the law, without costs. Memorandum: Plaintiff is a sergeant in the Watertown Police Department who, at the time this action was instituted, was receiving disability compensation pursuant to General Municipal Law § 207-c. He seeks to recover for holiday pay withheld by the city during the year of 1983 in the amount of $796.88. Plaintiff commenced this action in the City Court of Watertown. The city filed a notice of appearance and moved to dismiss the complaint for failure to join the Police Benevolent Association (PBA) as a necessary party and for lack of subject matter jurisdiction, claiming that plaintiff's remedy was limited to the grievance procedure set forth in the collective bargaining agreement between the PBA and the city. City Court denied the motion, finding that the complaint concerned compensation, which is excluded from the grievance procedure in the collective bargaining agreements, and that the PBA was not a necessary party. On defendant's appeal to the County Court of Jefferson County, the court reversed, finding that the complaint involved an issue which could have been included in the collective bargaining agreement, that the contract negotiations should be reopened to deal with this matter, and that the PBA was a necessary party.

Plaintiff's appeal to this court must be dismissed. Plaintiff's right to appeal is determined by CPLR 5703 (b) which provides as follows: "An appeal may be taken to the appellate division as of right from an order of a county court or a special term of the supreme court which determines an appeal from a *judgment* of a lower court." (Emphasis added.)

The right to appeal to this court is thus limited to review of County Court determinations on judgments of lower courts. In *Highlands Ins. Co. v Maddena Constr. Co.* (109 AD2d 1071), we reviewed a determination of County Court on an order of City Court because the City Court order there had dismissed a complaint for failure to prosecute after the Statute of Limitations had run. We took the approach that the order there was tantamount to a judgment because it was dispositive of the rights of the parties (CPLR 5011). We adopted the rationale that, in order to determine whether a paper is a judgment or an order, we should look to its effect, not its designation *(see, Matter of Mid-Island Hosp. v Wyman,* 15 NY2d 374, 379). Here, however, the City Court order was not finally dispositive but rather denied defendant's motion to dismiss and would have permitted the case to proceed to trial. It was, instead, the County Court order reversing the City Court order which granted defendant's motion and dismissed the complaint for lack of jurisdiction.

The statute thus creates an anomaly: If City Court had granted defendant's motion to dismiss and that order had been affirmed by County Court, the matter would be appealable as of right under the rationale we adopted in *Highlands (supra);* conversely, if City Court had granted defendant's motion and County Court had reversed and reinstated plaintiff's complaint, defendant would have had an appeal as of right even though the County Court order would not have been finally determinative of the rights of the parties. This obvious logical inconsistency must, however, be rectified by the Legislature, not the judiciary. (Appeal from order of Jefferson County Court, Aylward, J.—contract.) Present—Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Schnepp, JJ.