■ In the Matter of LATHAM FOUR PARTNERSHIP, Appellant, v SSI MEDICAL SERVICES, INC., Respondent.—Harvey, J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered April 23, 1991, which affirmed an order of the Justice Court of the Town of Colonie in favor of respondent.

In November 1986, petitioner leased approximately 4,000 square feet of office and warehouse space located in the Town of Colonie, Albany County, to respondent for $1,333.33 per month for the period beginning November 15, 1986 and ending November 30, 1989. The lease contained a standard "no oral modification" provision. In July 1989, near the end of the lease period, respondent's representative met with real estate agent Norleen McClelland in order to view prospective properties for respondent to lease commencing December 1, 1989. Ultimately, respondent entered into a lease for another property owned by Barry Larner located on 2 Access Road with occupancy to begin December 1, 1989.

Thereafter, on November 2, 1989, Larner contacted McClelland and inquired about the possibility of respondent extending its lease and remaining at petitioner's premises until April 1, 1990, after which time respondent could move into a different building owned by Larner located at 3 Access Road that was presently still under construction. Respondent agreed

to delay moving as long as petitioner allowed it to remain at the premises until April 1, 1990. McClelland then contacted Craig Wander, petitioner's leasing and properties manager, to discuss the situation. Although there are conflicting stories concerning the substance of this conversation, respondent believed that it had permission from petitioner to remain at the premises until April 1990 with only an insignificant increase in rent. Nevertheless, petitioner apparently continued to show the premises to prospective tenants and, on November 14, 1989, entered into a lease agreement for the property with a new tenant, Ledfoot Express, with occupancy to commence January 1, 1990.

Respondent found out about the new lessee for petitioner's premises on November 22, 1989 when its representative contacted petitioner to determine the minor increase in the rental amount. Although the parties engaged in further conversations and an exchange of correspondence concerning petitioner's demand that respondent vacate the premises on November 30, 1989, respondent did not leave the property upon expiration of the original lease. Petitioner thereafter commenced this RPAPL article 7 proceeding. Following service of respondent's answer, a nonjury trial was held after which Justice Court of the Town of Colonie dismissed the petition. Petitioner appealed this decision and County Court affirmed. Petitioner's appeal to this court was then perfected.

There must be an affirmance. Both Justice Court and County Court agreed that the conversation between McClelland and Wander on November 2, 1989 constituted an enforceable oral modification to the existing lease. Petitioner argues, however, that because the lease between the parties could be modified only in writing, this purported modification is invalid. We disagree. While General Obligations Law § 15-301 (1) provides that a written agreement containing a provision that prohibits any oral change can be modified only by a writing signed by the party against whom enforcement is sought, the doctrine of equitable estoppel is one of the recognized exceptions to this rule (see, Rose v Spa Realty Assocs., 42 NY2d 338, 344; see, Marine Midland Bank v Quality Exterior Corp., 92 AD2d 662, 663). As stated by the Court of Appeals, "[o]nce a party to a written agreement has induced another's significant and substantial reliance upon an oral modification, [that] party may be estopped from invoking the statute to bar proof of [the] oral modification" (Rose v Spa Realty Assocs., supra, at 344).

Here, McClelland clearly testified that after she explained

the situation between respondent and Larner, petitioner's agent agreed that it would be permissible for respondent to remain at petitioner's premises until April 1, 1990, when Larner's new premises at 3 Access Road would be ready for occupancy. As a result of this November 2, 1989 conversation, respondent thereafter agreed to release Larner from his original obligation to provide rental space to respondent at 2 Access Road commencing December 1, 1989. At the same time, respondent made a new agreement to rent space at 3 Access Road from Larner beginning April 1990. There is little doubt from this evidence that petitioner agreed to modify its lease with full knowledge of respondent's situation and that respondent substantially relied on this modification to its detriment by releasing Larner from his prior obligation to provide respondent with leased space at the expiration of respondent's original lease agreement with petitioner. Under these circumstances, we decline to disturb the conclusion that petitioner should be estopped from asserting General Obligations Law § 15-301 to bar proof of this oral modification.*

The remaining contentions raised by the parties have been examined and found to be without merit. We disagree with petitioner that there was insufficient proof to make a finding that petitioner's agent had authority to bind it to any agreement. Further, respondent's contention that Justice Court did not have jurisdiction to entertain this proceeding is rejected. In addition, we disagree with respondent that petitioner's appeal should be dismissed for failure to seek leave to appeal because Justice Court issued an "order" and not a "judgment" (see, CPLR 5703 [b]). Regardless of what the court's directive was labeled, its effect was clearly final (see, Ellingsworth v City of Watertown, 113 AD2d 1013, 1014); therefore, it was properly appealed to County Court.

Weiss, P. J., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Due to our determination of this issue, it is unnecessary for us to explore the alternative holdings of Justice Court and County Court that concluded that the November 2, 1989 conversation resulted in a separate and binding four-month oral lease despite the fact the increase in rental amount was not finally determined in that conversation and was left for another day.