■ ARKAY LEASING, INC., Appellant, v PACIFIC EMPLOYERS INSURANCE COMPANY, Respondent. [609 NYS2d 389] —Crew III, J. Appeal from an order of the Supreme Court (Smyk, J.), entered February 19, 1993 in Broome County, which denied plaintiff's motion for summary judgment.

This is an action to recover proceeds under an insurance policy issued by defendant to Gersh Electrical Supplies, Inc. Plaintiff leased equipment to Gersh under a written lease agreement requiring Gersh to, inter alia, obtain a policy of insurance naming plaintiff as an additional insured with respect to the equipment covered under the lease. To that end, Gersh's president allegedly requested such coverage from defendant's agent, Glanton & Associates, Inc., and Glanton, in turn, allegedly bound defendant to provide such coverage.

Following a fire at one of Gersh's facilities, which apparently destroyed some of the leased equipment, defendant determined that plaintiff was a loss payee with respect to the underlying loss and, as such, was subject to any defenses

defendant could assert against Gersh. Inasmuch as defendant had denied Gersh's claim, defendant denied any obligation to make payments to plaintiff. Plaintiff then commenced this action and, following joinder of issue, moved for summary judgment. Supreme Court denied plaintiff's motion and this appeal ensued.

We affirm. Plaintiff has conceded for purposes of this appeal that the insurance policy at issue contained a clause providing that any modifications must be made in writing and, further, that no such writing has been located. Plaintiff, however, seeks to avoid the application of General Obligations Law § 15-301 (1) by arguing that defendant's agent orally modified the underlying policy and that plaintiff relied upon the agent's representations in that regard. In our view, the conflicting affidavits before us raise a question of fact as to whether the "partial performance" or "equitable estoppel" exceptions to General Obligations Law § 15-301 (1) *(see generally, Rose v Spa Realty Assocs.,* 42 NY2d 338, 343-344) may be applied here and, as such, plaintiff's motion for summary judgment was properly denied.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.