■ Isaacs Business Ventures, Inc., Respondent, v Larry C. Thompson et al., Appellants. [636 NYS2d 906] —White, J. Appeal

from an order and judgment of the Supreme Court (Williams, J.), entered January 31, 1995 in Sullivan County, which granted plaintiff's motion for summary judgment.

Following the execution of a real estate contract for the purchase of commercial property in the Village of Bloomingburg, Sullivan County, plaintiff deposited $11,500 with defendant John M. Diuguid, the attorney for the sellers, defendants Larry Thompson and Susan A. Thompson (hereinafter collectively referred to as defendants). As modified, the contract obligated defendants to obtain a variance that would be effective for five years and allow plaintiff to construct additional warehouses on the property. In the event the variance was not obtained on or before August 1, 1994, the contract permitted termination by either party. On June 7, 1994, the Village's Zoning Board of Appeals granted defendants a six-month variance with a six-month renewal. Due to defendants' failure to secure a five-year variance, plaintiff, on June 30, 1994, terminated the contract and requested the return of its deposit. Upon defendants' refusal to accede to this request, plaintiff commenced this action to recover its escrow deposit, and ultimately secured summary judgment predicated upon defendants' failure to satisfy the condition precedent of obtaining a variance. Defendants appeal.

Defendants contend that Supreme Court erred in awarding summary judgment since it overlooked the parties' oral agreement further modifying the contract by eliminating the aforementioned condition precedent. In the face of the contract's provision that it could not be changed except in writing, defendants' contention has force only if they overcome the mandate of General Obligations Law § 15-301 (1) with evidentiary proof establishing, *inter alia*, partial performance unequivocally referable to the oral modification or an estoppel that was also unequivocally referable to the modification (*see, Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344).

The only evidence defendants offer in support of their claim of partial performance is that they spent considerable sums and effort toward the performance of the contract and that plaintiff's counsel wrote several letters stating that his client would be undertaking certain environmental studies and other work in anticipation of the closing of title. Inasmuch as these actions are not unequivocally referable to the oral modification, as they can be considered to have been preparatory steps taken toward consummating the contract, they do not provide sufficient grounds to take this case outside the Statute of Frauds (*see, Anostario v Vicinanzo*, 59 NY2d 662, 664).

Likewise, defendants failed to adduce sufficient credible evidence showing that they substantially relied upon the oral modification to their detriment. Accordingly, they failed to establish an estoppel barring plaintiff from invoking General Obligations Law § 15-301 (1) to preclude proof of the oral modification (*compare, Matter of Latham Four Partnership v SSI Med. Servs.*, 182 AD2d 880).

Lastly, defendants' claim that plaintiff acted in bad faith is meritless since, when it was conclusively established in June 1994 that a five-year variance would not be granted, plaintiff was entitled to terminate the contract in accordance with its plain language (*see, Brockway-Smith Co. v Greene*, 179 AD2d 922, 924).

For these reasons, we affirm.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order and judgment is affirmed, with costs.