(March 14, 2000)

■ BERNARD J. WALD, Appellant, v MARINE MIDLAND BUSINESS LOANS, INC., Respondent. [704 NYS2d 564] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered January 14, 1999, which dismissed the complaint, bringing up for review an order, same court and Justice, entered January 8, 1999, denying plaintiff's motion for summary judgment and granting defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion granted, the cross motion denied and the judgment vacated. The Clerk is directed to enter judgment for $300,000 in favor of plaintiff and against defendant, together with interest and costs, as demanded in the complaint.

This litigation arises out of the default by the limited partners of New Castle Associates, a New York limited partnership, on notes collateralizing a loan extended by Ingersoll-Rand Financial Corporation and the subsequent liquidation of Integrity Insurance Company, which had guaranteed payment of the notes, by the State of New Jersey. These defaults precip-

itated two lawsuits against Herzfeld & Rubin, P. C., the law firm that, in 1985, issued separate opinion letters to Ingersoll-Rand Financial and to Integrity Insurance to induce their participation in the financing of the limited partnership. One action was commenced by a purported successor in interest to Ingersoll-Rand Financial and the second was brought by the liquidator of Integrity Insurance. The first action was settled in the summer of 1995 by agreement between Herzfeld & Rubin, the defendant in that action, and Marine Midland Business Loans, Inc., the corporate parent of the plaintiff. The settlement provided, *inter alia*, for the payment of $300,000 to the plaintiff by Herzfeld & Rubin and for the agreement by Marine Midland to hold the firm harmless from claims arising out of the opinion letter or the transaction to which it relates. The agreement limits indemnification to a maximum of $300,000.

Subsequently, the action prosecuted by Integrity's liquidator proceeded to trial. That action culminated in the entry of judgment against the law firm in the amount of $1,321,949 on March 10, 1997. Pursuant to an agreement between the liquidator and Herzfeld & Rubin, the firm paid plaintiff $1,260,000 in full satisfaction of the judgment.

Plaintiff, a member of Herzfeld & Rubin and assignee of its rights under the hold harmless agreement, brought the instant action to recover the sum of $300,000 from defendant. Following joinder of issue, plaintiff moved for summary judgment, submitting, *inter alia*, the indemnity agreement, a letter assigning the firm's rights to him, the judgment entered against the firm and its check in settlement thereof. Defendant Marine Midland opposed the motion and cross-moved for summary judgment dismissing the complaint. The substance of Marine Midland's opposition is that the hold harmless agreement was intended to protect Herzfeld & Rubin only to the extent that a person or entity claiming to be a successor in interest to Ingersoll-Rand Financial Corporation asserted a claim against the firm based upon the 1985 financial transaction.

Supreme Court held, anomalously, that there are no "claims, judgments or settlements" against plaintiff arising out of the firm's opinion letter so as to entitle him to indemnification pursuant to the agreement. This ruling is clearly erroneous as the assignee stands in the shoes of the assignor (*see, Trisingh v Enters. v Kessler*, 249 AD2d 45, 46). Therefore, the basis of plaintiff's claim is the right of the law firm to indemnification for its payment in settlement of the judgment against it, to which plaintiff succeeds as its assignee.

While Supreme Court's rationale is asserted as a basis for affirmance, defendant fails to adopt the court's reasoning in its briefs. Rather it advances arguments made before Supreme Court and further suggests, for the first time on appeal, that the firm's assignment of the indemnity agreement is defective, either because it is lacking in specificity or because it fails to recite that its execution was duly authorized by the corporate assignor. However, it is settled that a ruling on an application must be reviewed in respect of the arguments made before the motion court and not on the basis of some novel contention (*Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276, citing *Huston v County of Chenango*, 253 App Div 56, 60-61, *affd* 278 NY 646).

The question before us is whether the hold harmless agreement confers indemnity upon Herzfeld & Rubin arising out of its satisfaction of the judgment obtained by the liquidator of Integrity Insurance. Defendant's contentions concerning its intended scope need not detain us; the agreement is unambiguous, and its interpretation therefore presents a question of law for the court, without the need to resort to extrinsic evidence (*West, Weir & Bartel v Carter Paint Co.*, 25 NY2d 535, 540; *Eden Music Corp. v Times Sq. Music Publs.*, 127 AD2d 161, 164).

Under the contract, defendant agreed to indemnify Herzfeld & Rubin against: "any and all claims, judgments and settlements of any kind or nature that may at any time be made against the Indemnitees or any of them, based upon any claim made in or which could have been made in [the underlying action] * * * or which arise out of or in connection with or relate to a certain opinion letter from Herzfeld & Rubin, P. C. to Ingersoll-Rand Financial Corp. dated May 13, 1985 or the transaction referred to in said opinion letter." Whether or not plaintiff's claim may be said to arise from the opinion letter given to Ingersoll-Rand Financial Corporation, as opposed to the separate letter given to Integrity Insurance Company (which, though submitted to Supreme Court, is not contained in the record on appeal), the claim certainly arose out of "the transaction referred to" by the former letter. Furthermore, even if we were to accept defendant's contention that the agreement to indemnify the law firm was prospective only, the judgment entered against the firm in the action by Integrity's liquidator clearly postdated the indemnity agreement and, thus, falls within even this more limited scope. In any event, the opinion letter given to the lender specifically makes reference to the firm's review of the bond "dated May 13, 1985 (the

'Surety Bond') issued by the Integrity Insurance Company (the 'Surety') entered into by each of the Investors and the Surety." Any distinction between the opinion letters notwithstanding, it is clear that they comprised an integral part of the financing transaction to which they relate. Concur—Sullivan, P. J., Tom, Mazzarelli and Rubin, JJ.