■ NATHAN M. TURK, Appellant, v ANNA ANELLO, as Executor of SALVATORE ANELLO, Deceased, et al., Respondents. [721 NYS2d 122] —Crew III, J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 14, 2000 in Ulster County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

In March 1989, plaintiff and Salvatore Anello (hereinafter decedent)[1] formed Sandt Technology, Ltd., a New York corporation established to develop payphone security devices. Shortly thereafter, in August 1989, plaintiff and decedent executed a "confidential interim shareholder's agreement," pursuant to the terms of which plaintiff, decedent and defendant Albert Diaz each were given one-third ownership in the corporation.[2] Although the interim agreement contemplated that a full shareholder's agreement would be entered into, the record reflects that no such writing ever came to pass.

Insofar as is relevant to this appeal, the interim agreement provided that "all shareholder * * * and board of director actions shall require the unanimous agreement of [plaintiff, decedent and Diaz]" and, further, that such agreement could not be modified or amended except in a writing signed by all parties thereto. According to Diaz and Nelson Guzman, the corporation's secretary/treasurer and then general counsel, the unanimous consent provision was orally modified in 1992 or 1993 at plaintiff's request in favor of a "majority rule" approach, thereby permitting the board of directors to act upon a two-thirds vote.

Plaintiff commenced the instant action in February 1997

---

**1.** Decedent, initially a named defendant in this action, died in September 1997 and his spouse, Anna Anello, subsequently was substituted as a party defendant.

**2.** Diaz, who apparently was working for a potential competitor at the time this document was executed, did not become a shareholder in the corporation until December 1992. Although not entirely clear from the record, it appears that the interim agreement was re-executed in 1991 in anticipation of Diaz's arrival and to protect his interests pending same.

seeking specific performance of the interim shareholder's agreement or, in the alternative, money damages alleging, *inter alia*, that defendants engaged in several actions undertaken by majority vote in contravention of the interim shareholder's agreement. Following joinder of issue and extensive discovery, defendants moved for summary judgment dismissing the complaint, contending that the unanimous consent provision in the interim shareholder's agreement was superceded by the oral agreement to adopt majority voting. Plaintiff, denying the existence of such an agreement, cross-moved for summary judgment. Supreme Court granted defendants' motion and denied plaintiff's cross motion, prompting this appeal.

Where the parties to a written agreement expressly include a provision prohibiting oral modifications, the validity of any such modification is governed by General Obligations Law § 15-301 (1), which prohibits any modification "by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent." By its terms, however, "the statute bars only 'executory' modifications and, therefore, once a modification is executed, it may be proved despite the absence of the signed writing required by the statute" (*Maynard Ct. Owners Corp. v Rentoulis*, 235 AD2d 867, 868).

Here, the interim shareholder's agreement plainly contained a provision prohibiting modification thereof unless such modification was in writing and signed by plaintiff, decedent and Diaz. No such written modification is contained in the record on appeal, and although both Diaz and Guzman testified at their examinations before trial that the oral vote to adopt the majority rule provision was duly recorded in the board meeting minutes, the relevant meeting minutes apparently have not been located to date. Hence, defendants may prevail only if they overcome the mandate of General Obligations Law § 15-301 (1) by tendering sufficient evidentiary proof to establish, *inter alia*, partial performance or an estoppel, either of which must be unequivocally referable to the purported oral modification (*see, Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344; *Isaacs Bus. Ventures v Thompson*, 223 AD2d 957, 958). In our view, defendants' proof falls far short of the mark.

Although both Diaz and Guzman testified that the unanimous consent provision was orally modified at plaintiff's request to provide for majority rule (allegedly in response to decedent's purported attempts to block board action), plaintiff denied the existence of any such agreement. Similarly, while it appears that certain board actions subsequently were under-

taken in response to a majority vote, it is unclear whether, as defendants contend, such votes took place with plaintiff's full knowledge and acquiescence. On this point, plaintiff testified that he verbally objected to such voting procedures, and many of the votes relied upon by defendants took place during a period of time when plaintiff was not actually attending board meetings.

Equally inconclusive is the effect of the 1994 amendment to the facility operations manager's job description. It appears that prior to such amendment, decedent was essentially managing the day-to-day operations of the company and, in that capacity, made certain decisions that did not reflect the views held by plaintiff and Diaz. According to Guzman, the facility operations manager's job description was amended to "rein in" decedent by having the three principals serve in that capacity on a rotating basis. As is relevant to this appeal, the amended agreement provided that *"[a]ll* hiring, firing, promotions, demotions, pay raises and/or cuts and staff vacation decisions shall be decided by majority (2 out of 3) vote of the principals. All other matters shall also continue to be decided by majority vote (2 out of 3)" (emphasis in original). Although defendants seize upon the final clause of the amendment as proof of the asserted oral modification, the record as a whole contains conflicting proof as to whether such clause was intended to be a reference to the alleged modification of the interim shareholder's agreement.

In short, although there is some evidence in the record that supports defendants' contention that the unanimous consent provision embodied in the interim shareholder's agreement was orally modified to provide for majority voting, there also is evidence to support plaintiff's assertions to the contrary. Given this conflicting proof and the underlying credibility issues, Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint (*see, Arkay Leasing v Pacific Empls. Ins. Co.*, 202 AD2d 819, 820).

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment; motion denied; and, as so modified, affirmed.