■ CINDY G. WATTENBERG, Respondent, v GARY WATTENBERG, Appellant. [734 NYS2d 132] —Order, Supreme Court, New York County (Judith Gische, J.), entered July 6, 2001, which granted plaintiff's wife's motion for summary judgment in an action against defendant husband to recover, insofar as pertinent to the appeal, 50% of the parties' tax liability for certain tax years, unanimously affirmed, without costs.

The subject Release and Indemnification Agreement, entered into shortly after the parties were married, obligates the wife, at the husband's request, to execute joint income tax returns for every year that the parties are or were married, other than the years of their divorce or of the husband's death, and obligates the husband "to release, indemnify, and hold [the wife] harmless from any and all tax liability which may be created for each calendar year's taxes in which the parties file a joint tax return." The husband's argument that the agreement is being enforced in a manner contrary to the parties' intent as evidenced by the nature and scope of their assets at the time the agreement was executed is untenable; the agreement is unambiguous, and its interpretation presents a question of law for the court, without the need to resort to extrinsic evidence (*see, Wald v Marine Midland Bus. Loans*, 270 AD2d 73, 75). Defendant's contention that the agreement cannot be enforced absent evidence that the wife signed the joint tax returns at his request rather than voluntarily is improperly raised for the first time on appeal, and we decline to review it. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Ellerin, JJ.