■ DENISE VALENTIN, as Administratrix of the Estate of SANTOS VALENTIN, JR., Respondent, v NEW YORK CITY POLICE PENSION FUND et al., Respondents, and SELENA VALENTIN, Appellant. [792 NYS2d 22]—

Judgment (denominated an order), Supreme Court, New York County (Lewis Bart Stone, J.), entered on or about October 30, 2003, which granted the petition to set aside respondent Pension Fund's determination and remanded the matter for disbursement of death benefits to the decedent's estate instead of to Selena Valentin, unanimously affirmed, without costs.

The standard of review is limited to whether the administrative determination was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion (*Matter of City of New York v Plumbers Local Union No. 1 of Brooklyn & Queens*, 204 AD2d 183, 184 [1994], *lv denied* 85 NY2d 803 [1995]; CPLR 7803 [3]). Interpretation of an unambiguous marital agreement was a question of law for the court (*Wattenberg v Wattenberg*, 289 AD2d 73 [2001]), and did not require deference to any particular expertise of the administrative agency.

In the agreement, involving a childless couple who had separated after less than a year of marriage, and which was ex-

ecuted just 18 days before decedent's death, Selena Valentin waived, inter alia, any rights, title or interest in his pension or retirement benefits, and any other interest in his estate, specifically, a right to take under any "testamentary writing . . . now or hereafter in force and effect." This evinced a clear intent of the parties to separate their lives and finances, and was to be the sole expression of the division of their property and interests. Taken as a whole, this unambiguous contract was sufficiently specific to demonstrate, as a matter of law, that respondent-appellant waived any right to the death benefits she was awarded by the Pension Fund.

That the decedent did not remove his estranged wife as a named beneficiary on his pension during the last 18 days of his life is of no moment (*see generally Silber v Silber*, 99 NY2d 395 [2003], *cert denied* 540 US 817 [2003]). Also unavailing for appellant is the fact that the agreement did not expressly include a waiver of preretirement death benefits. Indeed, no mention was made of dividing such interests, either (*see Kazel v Kazel*, 3 NY3d 331 [2004]; *McCoy v Feinman*, 99 NY2d 295 [2002]).

Inasmuch as the remand was for purely ministerial action, the determination is appealable as of right (*see Matter of Mid-Is. Hosp. v Wyman*, 15 NY2d 374 [1965]; *compare Matter of Leung v Department of Motor Vehs. of State of N.Y.*, 65 AD2d 736 [1978]). Concur—Andrias, J.P., Saxe, Friedman, Marlow and Nardelli, JJ.