OPINION OF THE COURT
John B. Riordan, J.
In this SCPA 2103 discovery proceeding, the administrator seeks a declaration that the estate is entitled to the benefits of the decedent’s retirement plans, and an order that the decedent’s former spouse, Anne Marie Boranian, the designated beneficiary of the retirement benefits, refund all monies paid to her by the retirement plans. In a prior decision of this court dated March 22, 2005 (decision No. 1097), this court held this petitioner must exhaust her administrative remedies under the Employee Retirement Income Security Act of 1974 (ERISA), as amended (29 USC § 1132 [a] [1] [B]), before this court can adjudicate this petition. The court stayed this proceeding pending petitioner’s pursuit of her available administrative remedies and directed that the pension plans proceeds remain in escrow and the prior temporary restraining order remain in effect pending the administrative review of the benefit claim by the plans.
The designated beneficiary ex-wife, Anne Marie Boranian, now moves for dismissal of the administrator’s petition, vacating any stays or temporary restraining orders and ordering the plans to pay all benefits to her as the named beneficiary. The administrator of the estate filed a reply affirmation of counsel wherein she requests that the motion to dismiss be denied and that the petition be granted for the relief requested in her amended petition with costs and attorney’s fees. The plans, by its counsel, has submitted an affirmation in response requesting that the estate’s petition should be denied in its entirety, and the court grant an order upholding the plans’ determination to pay the benefits to Anne Marie Boranian.
The designated beneficiary, by her counsel, replies that the estate has exhausted all of its administrative remedies, or pursuit of such remedies is futile, and the motion should be granted. The petitioner has filed an additional reply to the plans’ affirmation wherein her counsel rejects the plans’ argument that, under certain circumstances, this court should remand the matter to the plans for further consideration.
*836 Jurisdiction
This court previously determined that “petitioner’s exclusive remedy is under ERISA for payment of benefits” (decision No. 1097, slip op at 2, Mar. 22, 2005). Any state common-law claim to these benefits is preempted by ERISA (Doe v HMO-CNY, 14 AD3d 102, 106 [2004]; see also, Pilot Life Ins. Co. v Dedeaux, 481 US 41, 44-46, 54 [1987]; Silber v Silber, 99 NY2d 395, 400-404 [2003]; 29 USC § 1144 [a]). Nevertheless, state courts have concurrent jurisdiction over such benefit claims under ERISA with the Federal District Court (Saks v Franklin Covey Co., 316 F3d 337 [2003]; Doe v HMO-CNY, 14 AD3d 102, 107 [2004]). In adjudicating such claims state courts must apply the federal common law of rights and obligations under ERISA regulated plans (Firestone Tire & Rubber Co. v Bruch, 489 US 101, 110 [1989]). In this case petitioner’s ERISA claim is asserted pursuant to 29 USC § 1132 (a) (1) (B) which authorizes the commencement of an action by a participant or a beneficiary to recover benefits due to either of them under the terms of the plans (Doe v HMO-CNY, 14 AD3d 102, 107 [2004]). Petitioner may claim under this statute as the representative of a deceased “participant,” James T. Ryan, and respondent may recover under this statute as a designated “beneficiary.”
Standard of Review
In plans such as those before the court, where the benefit plans give their administrators the discretionary authority to determine eligibility for benefits and/or to construe the terms of the plans, the applicable standard of judicial review is whether the determination of the plans was arbitrary and capricious (Firestone Tire & Rubber Co. v Bruch, 489 US 101, 115 [1989]; Pagan v NYNEX Pension Plan, 52 F3d 438 [2d Cir 1995]; Sullivan v LTV Aerospace & Defense Co., 82 F3d 1251, 1255 [1996]; Doe v HMO-CNY, 14 AD3d 102, 108-109 [2004]). Thus the determination of the plans must be without reason, unsupported by substantial evidence or erroneous as a matter of law in order to overcome the deference required to be accorded to the plans’ determination under the arbitrary and capricious standard of judicial review (Pulvers v First UNUM Life Ins. Co., 210 F3d 89 [2000]; Pagan v NYNEX Pension Plan, 52 F3d 438, 442 [1995]).
Exhaustion of Administrative Remedies
There is now no dispute between the parties that the petitioner has exhausted her administrative remedies under the *837 claim processes of these plans (see Sessa affirmation on behalf of plans, Aug. 29, 2006, at 1Í1Í 3, 4; Newman affidavit on behalf of Anne Marie Boranian, July 17, 2006, at 1i 5; O’Brien affirmation, Aug. 15, 2006, at 1Í17).
Factual Background
In this case there are no factual disputes.
James T. Ryan and Anne Marie (Ryan) Boranian were married on February 14, 1993 and did not have any children. They physically separated in August 1995 and were divorced on April 10, 1997. The findings of fact in the matrimonial action provide “that there are no disputes as to separate or marital property.” Depositions were taken of the respondent, Anne Marie Boranian, and her attorney for the divorce, Adam C. Kandall, Esq. Respondent acknowledged that she never made a claim for decedent’s retirement benefits at the time of the divorce and the divorce was intended to be an “even exchange.” The parties split their savings equally, she retained the rental apartment and he took the car subject to liens. Adam C. Kandall testified that his file in this matter was destroyed in a fire, but that his custom was to produce a stipulation of settlement. He had no recollection of a division of pension benefits being discussed. No written stipulation of settlement, separation agreement or qualified domestic relations order was ever produced.
During the course of his marriage James Ryan executed a designation of beneficiary form with the plans, on March 14, 1993, wherein he designated “Anne Marie Ryan” “spouse” as the person to receive all monies due from the Joint Industry Board of the Electrical Industry in the event of his death. James Ryan died on March 12, 2003. The plans initially recognized Anne Marie Boranian, the divorced spouse, as the designated beneficiary. On June 12, 2003 the plans advised the administrator of decedent’s estate of its decision to recognize Ms. Boranian as the designated beneficiary. Thereafter, this proceeding was commenced by the estate to determine its rights to the benefits. In this court’s decision of March 22, 2005, it found that the estate had not exhausted its administrative remedies under ERISA. On March 13, 2006 by letter from the plans’ associate counsel, the estate was advised that the trustees of the plans voted to uphold their previous decision and to distribute Mr. Ryan’s remaining assets to Ms. Boranian. In a letter dated May 2, 2006 associate counsel for the plans indicated that the plans upheld their prior determination based upon the beneficiary *838 designation and a portion of the summary plan description which stated that if a married participant obtains a divorce, the divorce does not revoke a previous designation of a former spouse as beneficiary.
Respondent Beneficiary Argument
Anne Marie Boranian’s position has consistently been that the divorce between her and James Ryan does not cancel the beneficiary designation made by James Ryan during his lifetime (EPTL 13-3.2 [e]). Only a newly executed change of beneficiary form can cancel a prior designation (Androvette v Treadwell, 73 NY2d 746 [1988]). Furthermore, she rejects the estate’s contention that by her divorce and the property division agreement she reached with decedent she waived her right to claim these benefits as the designated beneficiary (Eredics v Chase Manhattan Bank, 100 NY2d 106 [2003]). She asserts that there has been no specific waiver by her of her ex-husband’s pension benefits which was explicit, voluntary and made in good faith (Silber v Silber, 99 NY2d 395, 404 [2003]; Valentin v New York City Police Pension Fund, 16 AD3d 145 [2005]). Finally, she asserts that under ERISA, the plans’ documents, the plans’ terms and the plans’ own construction of the terms of the plans’ description are binding on the estate.
Petitioner’s Argument
Petitioner now asserts that the determination made by the trustees of the plans fails to provide any reason or applicable law supporting their determination as is required by the plans and by ERISA. It is thus asserted that an unreasoned and unsupported determination should not. be given any deference under the applicable standard of review (29 USC §§ 503, 1133). Petitioner claims deference is unwarranted where the issue before the court is allegedly whether the respondent, Boranian, waived any claim to pension or death benefits or whether a separation agreement and divorce barred litigation of a claim against the pension benefits. Finally, it is asserted that the determination of the plans should not be given deference because the appeal process resulted in a determination far outside the time frames set forth in the plans themselves and thus the determination should be reviewed de novo based upon the facts and legal arguments adduced.
The petitioner’s first argument is addressed to the letter from the plans’ associate counsel dated March 13, 2006 in which the *839 plans indicated that “the Trustees voted to uphold their previous decision and to distribute Mr. Ryan’s remaining assets to Ms. Boranian.” Follow-up correspondence on May 2, 2006 from associate counsel listed the documents considered on the appeal, including the plans’ counsel’s memorandum for which it claimed attorney-client privilege. The third paragraph of that letter stated:
“Based upon the facts and the law in this matter, the Trustees upheld their decision that the residue of Mr. Ryan’s assets should be distributed to Ms. Boranian. As you know, Ms. Boranian was Mr. Ryan’s named beneficiary at the time of his death. As contained in the summary plan description for the Annuity Plan, Tf a married participant obtains a divorce, the divorce does not have the effect of revoking a previous designation of a participant’s spouse as beneficiary’ Summary Plan Description of the Annuity Plan of the Electrical Industry, p. 12.”
Plans’ Position
The plans take the position that under ERISA where they have the discretionary authority to determine eligibility for benefits or construe the terms of the plans, the court should defer to the plans’ decision unless it was arbitrary and capricious (Campanella v Mason Tenders’ Dist. Council Pension Plan, 299 F Supp 2d 274, 288 [2004]). The plans also argue the issuance of its decision outside the time frame set forth in the plans or ERISA regulations is insufficient to justify de novo consideration by the court (Campanella v Mason Tenders’ Dist. Council Pension Plan, 299 F Supp 2d 274 [2004]). Moreover, the plans argue that the claimed failure of counsel’s denial letters to set forth required information under ERISA, its regulations and the plans’ documents is also not sufficient to justify de novo consideration by this court (Pava v Hartford Life & Acc. Ins. Co., 2005 WL 2039192, 2005 US Dist LEXIS 41753 [ED NY 2005]).
Court Determination
In the first instance the court views the petitioning estate’s position in this matter as essentially a legal and equitable argument. There is no factual dispute and thus no necessity for a hearing. Whether the standard of review for this court determination is arbitrary and capricious or de novo, the estate’s argu *840 merits on the merits have always been legal and the estate has argued from the initial commencement of this proceeding in the plans’ administrative review and in the present motion that Anne Marie Boranian has waived her right to claim decedent’s pension benefits and she is equitably barred from raising a claim for these benefits because of her failure to raise that claim in her divorce action. There is no merit to these arguments by the estate under a de novo or arbitrary and capricious standard of review.
There is clearly federal and state law to support the concept that an ex-spouse may forfeit benefits, despite the current existence of a designation of beneficiary form, by virtue of matrimonial agreement (Silber v Silber, 99 NY2d 395, 404 [2003]; Valentin v New York City Police Pension Fund, 16 AD3d 145 [2005]). However, such a waiver must be specific, explicit, voluntary and made in good faith under state law and ERISA (Eredics v Chase Manhattan Bank, 100 NY2d 106 [2003]; Silber v Silber, 99 NY2d 395 [2003]). In this case no written settlement agreement or separation agreement exists, much less is there any reference in such an agreement to decedent’s pension benefits. Thus, the estate has failed to show entitlement to these benefits based on an assertion of waiver under a de novo standard of review or that the plans’ determination to reject the waiver claim was arbitrary and capricious.
There are many cases which support the estate, on the general proposition in this case, that the failure to raise or seek the decedent’s pension benefits in the divorce and equitable distribution would preclude raising that issue in a new action (Boronow v Boronow, 71 NY2d 284 [1988]; Eickhoff v Eickhoff, 12 AD3d 741 [2004]; Merrill Lynch, Pierce, Fenner & Smith v Benjamin, 1 AD3d 39 [2003]; Zollner v Zollner, 263 AD2d 454 [1999]; Cook v Cook, 260 AD2d 160 [1999]; Jeannotte v Jeannotte, 235 AD2d 711 [1997]). However here the ex-spouse is not attempting to raise a claim to these benefits belatedly, she is the designated beneficiary (see Eredics v Chase Manhattan Bank, 100 NY2d 106 [2003]). For this reason the court finds that the estate’s assertion that the divorce judgment has res judicata effect in these circumstances is meritless. Simply put, if the facts were that the ex-spouse failed to raise equitable distribution of pension rights, and the designated beneficiary was thereafter changed and then sought distribution of pension benefits, she would be barred by this doctrine, but not herein where she is the existing designated beneficiary. Again the result is the same *841 whether the standard of review is de novo or arbitrary and capricious.
Since this court has rejected the estate’s arguments under a de novo as well as arbitrary and capricious standard, whether the court gives deference to the determination of the trustees of the plans is of no moment. Thus, even if the court were to find that the determinations of the plans were not entitled to deference because they violated the notice provisions of ERISA (29 USC § 1133) or that the plans’ decision was made outside the time frames set forth in ERISA, its regulations and the plans’ own documents (29 CFR 2560.503-1 [h]; Nichols v Prudential Ins. Co. of Am., 406 F3d 98 [2005]), it would still uphold the plans’ determination.
Under all these circumstances, the plans were entitled to recognize the designated beneficiary form on file, reject the estate’s claim and construe its own plans’ documents to permit payment of benefits to the ex-spouse.
Accordingly, the motion to dismiss the estate’s petition is granted, all stays and temporary restraining orders are vacated and the plans are directed to pay all of decedent’s pension, retirement and death benefits to Anne Marie Boranian, the named beneficiary.