Matter of Cor Van Rensselaer St. Co., III, Inc. v New York State Urban Dev. Corp. (2021 NY Slip Op 04862)





Matter of Cor Van Rensselaer St. Co., III, Inc. v New York State Urban Dev. Corp.


2021 NY Slip Op 04862


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


592 CA 20-00707

[*1]IN THE MATTER OF COR VAN RENSSELAER STREET COMPANY, III, INC., PETITIONER-RESPONDENT,
v
NEW YORK STATE URBAN DEVELOPMENT CORPORATION, DOING BUSINESS AS EMPIRE STATE DEVELOPMENT, RESPONDENT-APPELLANT. 






GOLDBERG SEGALLA LLP, BUFFALO (KRISTIN KLEIN WHEATON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
CULLEN AND DYKMAN LLP, ALBANY (CHRISTOPHER E. BUCKEY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered May 13, 2020 in a proceeding pursuant to CPLR article 78. The order, inter alia, granted one of petitioner's requests for relief and denied other requested relief without prejudice as unripe for determination. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking several items of relief, including an order compelling respondent to present petitioner's grant application to respondent's Board of Directors for approval and compelling the Board of Directors to approve the application. Respondent now appeals from an order that, inter alia, granted the first item of relief and denied the second item of relief without prejudice as unripe for determination.
No appeal lies as of right from a nonfinal order in a CPLR article 78 proceeding (see CPLR 5701 [b] [1]; Matter of Green v Monroe County Child Support Enforcement Unit, 111 AD3d 1446, 1447 [4th Dept 2013]). Here, the order is nonfinal because Supreme Court did not dismiss those parts of the petition that it declined to grant, but rather denied them without prejudice (see Matter of Grosso v Slade, 179 AD2d 585, 585-586 [1st Dept 1992]; cf. Matter of Roesch v State of New York, 187 AD3d 1651, 1651-1652 [4th Dept 2020]). Contrary to respondent's contention, although a determination that remits a matter for purely ministerial action is appealable as of right (see Valentin v New York City Police Pension Fund, 16 AD3d 145, 146 [1st Dept 2005]), here the court directed respondent to submit petitioner's grant application for a determination by respondent's Board of Directors, not for a " 'purely ministerial' " action (Matter of Mid-Is. Hosp. v Wyman, 15 NY2d 374, 379 [1965]; cf. Valentin, 16 AD3d at 146). Although we have the power to treat the notice of appeal as an application for permission to appeal, we decline to do so here, and we therefore dismiss the appeal (see Green, 111 AD3d at 1447).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court