OPINION OF THE COURT
Stanley Gartenstein, J.
The issue before this court, apparently one of first impression, may be characterized in the following terms:
At precisely what juncture does the State’s interest in maintaining the confidentiality of a probationer’s records yield to the constitutionally based right of an accused to confront and cross-examine that probationer who is called as an adverse witness?
In the instant action, defendants were charged with the class C felony of robbery in the second degree (Penal Law, § 160.10) and related offenses. These charges were subsequently reduced on the People’s motion to the class A misdemeanors of assault in the third degree (Penal Law, § 120.00) and petit larceny (Penal Law, § 155.25), and were tried before a jury with the undersigned presiding.[1]
The information alleged that “on April 18,1980, at 23rd Street and Third Avenue, New York City, the defendants, acting in concert, grabbed the complainant’s purse, knocked her to the ground, and thereby took from her possession personal property and a sum of money. The complainant sustained physical injury.”
*568 Pursuant to CPL 240.20, defendants moved for pretrial discovery of certain reports and materials, including the Department of Probation file of the complaining witness who is apparently a reformed drug addict with shoplifting convictions in another State. She is now attending college with an “A” average after moving to New York pursuant to order of that State transferring supervision to this jurisdiction. Complainant’s turnabout apparently took place during a series of events in her life, one of which consisted of a highly publicized lawsuit in the Federal courts which recognized her right to nurse her child while incarcerated.
In these discovery proceedings which were ruled upon by the court prior to trial, defendants argued that in order to adequately prepare for trial, they were constitutionally entitled to complainant’s probation records; that denial of access to this material would have deprived them of their Sixth Amendment right to confront and cross-examine this adverse witness. We disagree; have so ruled; and issue this opinion as a guide to the profession in future analogous situations. Neither statute nor case law specifically addresses this precise issue. By analogy however, certain principles are applicable by interpolation to the situation at bar. The confidentiality of specific reports prepared in the course of the litigation process has been closely scrutinized both by courts and Legislature. Indeed, CPL 390.50 (subd 1), referring to the probation report of a defendant in connection with sentencing, mandates that same “is confidential and may not be made available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court.” The closest analogy we can find to a modus operandi which strikes a reasonable balance between statutory confidentiality and implementation of a public policy favoring liberal disclosure exists with regard to the confidentiality of police personnel records. Section 50-a of the Civil Rights Law fairly reflects pre-existing judicial consensus in such situations. After declaring police personnel records to be confidential, the statute provides that, on “a clear showing of facts sufficient to warrant the judge to request records for review”, an in camera inspection is to be conducted. If the court then determines that the records *569 contain matter that is relevant and material to an action at bar, such portions may be disclosed to the person who has made the request (Civil Rights Law, § 50-a, subds 2, 3). A clear inference is justified that denial of access to this confidential data is warranted in cases where a litigant fails to demonstrate any theory of relevancy and materiality, but merely desires an unrestrained foray into confidential records hoping to unearth information useful for impeachment purposes (People v Gissendanner, 48 NY2d 543).
Analogizing these procedures to the situation at bar, the court conducted an in camera inspection of the complainant’s probation report. Pursuant to this inspection, and, in the absence of a good faith factual predicate on which defense counsel could demonstrate any relevancy or materiality supporting the demand for disclosure, we have held them to be outside the purview of CPL 240.20 and, therefore, not discoverable.
In so holding, we manifest no intent to trample upon defendants’ right to confront and cross-examine an adverse witness. Nor do we vitiate the rules articulated in Brady v Maryland (373 US 83)[2] and People v Rosario (9 NY2d 286).[3] While the court is mindful of the constitutional right to confrontation and cross-examination and its own duty to vigorously implement these rights, we hold them not to extend without reasonable limitation to information which has no bearing on a defendant’s innocence or guilt which is exclusively a confidential matter falling solely within its province. It is painfully clear that the defense demand for these reports was solely to provide a means of attacking the credibility of a witness for the People. As a collateral matter necessarily falling outside the scope of any prospective direct examination, it falls within the exclusive province of the trial court to draw a line.
Accordingly, and for the reasons stated, we have denied disclosure of complainant’s probation records or any part *570 thereof, and issue this opinion for such precedential value as may be appropriate in the future.

. Defendants were ultimately acquitted; because the acquittal constitutes a favorable termination under CPL 160.50, the record has been sealed and defendants are referred to by pseudonym.

. Defendant entitled as a matter of due process to any evidence within possession of prosecutor which can be exculpatory and “material either to guilt or to punishment”. (373 US, at p 87.)

. Defense counsel may examine prior statements of prosecution witness to compare with testimony given on the stand when same relates to subject of the testimony and contains nothing that must be kept confidential. (9 NY2d, at p 289.)