■ The People of the State of New York, Respondent, v Chang Gee Kim, Chul Ho Choi and Sae Gwang Lim, Appellants.—Appeals by the defendants from three judgments (one as to each of them) of the Supreme Court, Queens County (Demakos, J.), all rendered July 28, 1987, convicting them each of kidnapping in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed and the cases are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The charges against the defendants arose from their April 1986 abduction and beating of the complainant, Hong Phil Moon, with whom they were acquainted and who admitted, at trial, to participating in loan-sharking activities, stabbings, shootings, beatings and various illegal gambling operations. The complainant was held in captivity, brutally beaten and threatened with a gun in a private room of a Manhattan restaurant by, among others, the three defendants, after which he was transported to a Queens motel by the defendant Chul Ho Choi and others. En route to the motel, he was beaten about the face and threatened with death by stabbing. After the defendant Sae Gwang Lim arrived at the motel, the complainant was again moved, this time to a Queens massage parlor, where the defendant Chang Gee Kim was reunited with his cohorts. The complainant was kept at the massage parlor for about five hours, during which time he was alternately in the custody of one of his captors and threatened with a gun. He was ultimately released by the defendant Chang Gee Kim about 12 hours after the ordeal began.

The challenge of the defendants Sae Gwang Lim and Chul Ho Choi to the evidence supporting their conviction of kidnapping in the second degree as legally insufficient for the failure of proof regarding the element of abduction (Penal Law §§ 135.00, 135.20) is unavailing. Viewing the evidence adduced at trial in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that these defendants restrained the complainant with intent to prevent his liberation by threatening to use deadly physical force (Penal Law § 135.00).

We further find that the jury was warranted in concluding that the defendant Chang Gee Kim played a principal role in the kidnapping and assault and that, despite his absence during certain periods of time, he shared the mental culpability of his codefendants (see, Penal Law § 20.00). Moreover, we must reject defendant Chang Gee Kim's claim that the jury erroneously credited the testimony of the complainant in light of his criminal history, for, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Sae Gwang Lim's claim that the trial court improvidently exercised its discretion in refusing his request that the court

authorize a subpoena for the complainant's Department of Probation records, which would have formed the basis for the impeachment of the witness, is unpersuasive on this record. Probation records are subject to a statutorily imposed confidentiality (CPL 390.50 [1]) which will yield to an accused's right to confront and cross-examine adverse witnesses upon a showing that they will bear on the issue of guilt or innocence by, for example, "revealing specific 'biases, prejudices or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand' " *(People v Gissendanner,* 48 NY2d 543, 548, quoting from *Davis v Alaska,* 415 US 308, 316) or by reflecting "other information which, if known to the trier of fact, could very well affect the outcome of the trial" *(People v Gissendanner, supra,* at 548). But where, as here, the defense "failed to demonstrate any theory of relevancy and materiality, but, instead, merely desired the opportunity for an unrestrained foray into confidential records in the hope that the unearthing of some unspecified information would enable him to [further] impeach the witness" *(People v Gissendanner, supra,* at 549), the trial court, in its discretion, was justified in its refusal to sign the subpoena (see, *People v Clayton B.,* 110 Misc 2d 567; *cf., People v Tissois,* 131 AD2d 612, *affd* 72 NY2d 75; *People v Pena,* 127 Misc 2d 1057). We note that in any event, the complainant was extensively cross-examined as to his convictions and prior bad acts.

Finally, contrary to the defendants' argument, the trial court did leave for the jury's determination the issue of whether the County of Queens had geographical jurisdiction over the crimes charged, albeit not in the manner requested by the defendants.

We have reviewed the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.