■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MARSHALL, Appellant. [601 NYS2d 197] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered May 8, 1991, convicting him of kidnapping in the first degree (three counts), robbery in the first degree, robbery in the second degree, rape in the first degree (two counts), attempted rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree, grand larceny in the second degree, unauthorized use of a vehicle in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the night of May 7, 1990, the defendant and a codefendant abducted the victim at knifepoint, in her own car, from the parking lot of a shopping center. During approximately the next 15 hours, they held the victim against her will, repeatedly threatening her and subjecting her to sexual abuse. They also demanded a ransom payment of $15,000 from the victim's family for her return.

On appeal, the defendant challenges his convictions for all three counts of kidnapping in the first degree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of those counts beyond a reasonable doubt.

With respect to the first kidnapping count based upon the defendant's demand for a ransom payment, the defendant argues that the evidence was not legally sufficient to prove that he abducted the victim with the intent to compel a third party to make such a payment *(see,* Penal Law § 135.25 [1]). There was ample credible evidence elicited during the testimony of the victim and the arresting officers that the defendant participated with his codefendant in a scheme to extort $15,000 from the victim's family for her return.

We also find that the evidence was legally sufficient to establish the defendant's guilt of kidnapping in the first degree under counts two and three of the indictment (see, Penal Law § 135.25 [2] [a], [b]). That statute requires in the first instance that the victim of the kidnapping be abducted and restrained for more than 12 hours. The record reveals that the time element was satisfied in the present circumstances. The victim was accosted and abducted between 9:00 and 9:30 P.M. on May 7, 1990. Although the defendant left his codefendant and the victim at 8:30 A.M. the next morning, he was aware that the victim's detention was to continue for at least several more hours when the ransom money was to be delivered. There is no requirement that an accomplice to a crime, one who has the necessary criminal intent and has participated in critical stages of its planning, be present at every stage of the crime in order to be found guilty thereof (see, People v Chang Gee Kim, 144 AD2d 572, 573; People v Raphael, 134 AD2d 535). Moreover, several hours later the defendant reappeared at the appointed time and place for the ransom drop. The fact that he did not meet the codefendant at that time does not absolve him of accessorial liability in the kidnapping.

There is no question that the second element of kidnapping in the first degree under Penal Law § 135.25 (2) (a), i.e., that the defendant abduct and restrain the victim for the purpose of sexual abuse, was also satisfied under count two. The victim's testimony and the defendant's own statements to the police showed that during her detention the defendant repeatedly raped, sodomized and sexually abused the victim both in the car and at the motel, sometimes at knifepoint. Moreover, with the defendant's knowledge, the codefendant also raped the victim.

We find further that the evidence was legally sufficient to establish the second element of kidnapping in the first degree under Penal Law § 135.25 (2) (b), i.e., that the defendant abduct and restrain the victim for the purpose of accomplishing or advancing a felony under count three. Specifically, the evidence established that to prevent the victim from reporting the theft of her car to security officers at the shopping center before they could escape, and because they were inexperienced drivers, the defendants forced her to accompany them in the car. The kidnapping of the victim thus enabled the defendants to complete the robbery, the forceful taking of her car.

The defendant's sentence was not excessive.

We have considered the defendant's remaining contentions

and find them to be either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Santucci and Joy, JJ., concur.