12-3320-cr
United States v. Barnes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand fourteen.

PRESENT:   REENA RAGGI,
           DENNY CHIN,
                    *Circuit Judges,*
           MAE A. D'AGOSTINO,
                    *District Judge.*[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee,*

          v.                                          No. 12-3320-cr

CALIEB BARNES, also known as Lieb, also known as Leib,
                    *Defendant-Appellant,*

---

[*] The Honorable Mae A. D'Agostino, of the United States District Court for the Northern District of New York, sitting by designation.

1

GREGORY PLASKETT, also known as Skinz, also known as Light, also known as Skins, LISIMBA SAMUELS, also known as Shawn Jones, also known as Simba, also known as Samuel Lisimba,

*Defendants*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT: SALLY WASSERMAN, ESQ. (Georgia J. Hinde, Esq., New York, New York, *on the brief*), New York, New York.

APPEARING FOR APPELLEE: MICHAEL D. MAIMIN (Laurie A. Korenbaum, Timothy Sini, Diane Gujarati, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 10, 2012, is AFFIRMED.

Defendant Calieb Barnes stands convicted after a jury trial on ten substantive and conspiratorial counts of drug trafficking, firearms trafficking, Hobbs Act robbery, murder while engaged in drug trafficking, and possession or use of a firearm in furtherance of certain of the aforementioned crimes. Sentenced to a total term of 100 years' imprisonment, Barnes appeals his conviction on the grounds that he did not receive a fair trial and was subjected to an unwarranted consecutive sentence. In reviewing these claims, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Fair Trial

Barnes submits that erroneous evidentiary rulings and the denial of a multiple conspiracy charge deprived him of a fair trial.

a.    Evidentiary Rulings

We review a district court's challenged evidentiary rulings for abuse of discretion, see United States v. Mercado, 573 F.3d 138, 141 (2d Cir. 2009), and we will reverse only if identified error affected a defendant's substantial rights in influencing the jury verdict, see United States v. Madori, 419 F.3d 159, 168 (2d Cir. 2005).   This standard applies not only to decisions to admit or preclude evidence at trial, but also to the denial of Rule 17(c) subpoenas for the pre-trial production of evidence.   See In re Irving, 600 F.2d 1027, 1034 (2d Cir. 1979); Fed. R. Crim. P. 17(c).   We identify no abuse of discretion in the district court rulings at issue on this appeal.

i.    Quashing Defense Subpoenas

Barnes asserts that the district court erred in quashing Rule 17(c) subpoenas issued at his request to the Bureau of Prisons ("BOP") for housing assignments, visitor logs, and telephone and email records of nine inmates, including Barnes's then co-defendant Gregory Plaskett and five anticipated prosecution witnesses, covering a period of almost two years.

Rule 17 subpoenas are properly used to obtain admissible evidence, not as a substitute for discovery.   See United States v. Murray, 297 F.2d 812, 821 (2d Cir. 1962)

3

(observing that subpoenaed materials must themselves be admissible); see also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."). Where, as here, a party moves to quash subpoenas as unduly "unreasonable or oppressive," Fed. R. Crim. P. 17(c)(2), the party seeking compliance must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence. See United States v. Nixon, 418 U.S. 683, 699–700 (1974); accord In re Irving, 600 F.2d at 1034. Having reviewed the record, we easily conclude that Barnes failed to make such a showing, proffering only speculation that inmates cooperating with the government were conspiring to testify falsely against him and that the subpoenaed materials would so demonstrate. Accordingly, we identify no abuse of discretion in the district court's conclusion that because Barnes was thus engaged in a fishing expedition, the subpoenas should be quashed.[1]

---

[1] While Barnes invites us to forego the Nixon standard for the more permissive standard employed in United States v. Tucker, 249 F.R.D. 58 (S.D.N.Y. 2008), when, as here, challenged subpoenas are issued to a non-party, we need not address that point because Barnes's speculative showing failed to meet even the "articulable suspicion" requirement of Tucker. See id. at 66 (denying motion to quash subpoena to BOP for cooperating witness's telephone records based on transcript produced in discovery indicating that witness may have been promised inducements for testimony).

### ii.     Limitations on Defense Cross-Examination

Barnes complains of not being allowed to cross-examine prosecution witnesses Gooden and Coe about prior acts of violence, specifically, Gooden's torture of a drug dealer victim in the course of a robbery committed six years before Barnes's trial, and Gooden's and Coe's stabbing, while teenagers, of a man they believed to be homosexual. In precluding cross-examination on these matters, the district court concluded that the prior violent acts, while certainly bearing adversely on the witnesses' character, did not reflect on their credibility. See generally United States v. Estrada, 430 F.3d 606, 618 (2d Cir. 2006) (observing that convictions resting on "dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not" (internal quotation marks omitted)). Moreover, it concluded that inquiry as to the acts would distract the jury from the issues properly before it. The district court did not abuse its discretion in limiting cross-examination on these grounds.

While the Confrontation Clause affords "an opportunity for effective cross-examination," that does not equate to "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." United States v. Owens, 484 U.S. 554, 559 (1988) (internal quotation marks omitted). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, . . . confusion of the issues . . . ." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).

5

Insofar as Barnes submitted that inquiry as to Gooden's and Coe's stabbing of an innocent victim was necessary to establish the men's relationship, the district court determined that their relationship was adequately established by other evidence of their adult criminal activity. This afforded it discretion to preclude cross-examination on the stabbing as "repetitive or only marginally relevant." Id.

We further note that the district court offered to reconsider its rulings if, after defense counsel cross-examined Gooden and Coe, counsel represented that he had not been able sufficiently to impeach their credibility. Because counsel failed so to assert, there is no basis to conclude that the jury was not "in possession of facts sufficient to make a discriminating appraisal" of the two witnesses' credibility. See United States v. Laljie, 184 F.3d 180, 192 (2d Cir. 1999) (holding cross-examination not improperly curtailed where jury possessed such facts) (internal quotation marks omitted).

Thus, we identify no error in the cross-examination limitations imposed on Barnes.

### iii.    Out-of-Court Statements

Barnes identifies Fed. R. Evid. 403 error in the district court's admission of three out-of-court statements:   (1) his own admission to "laying down," i.e., killing, a rival drug dealer; (2) co-defendant Plaskett's statement to Gooden, after the McNeil murder charged in this case, that "I told you we was going to handle that"; and (3) McNeil's statement regarding his own plan to kill Barnes. The deference we accord district judge decisions to admit evidence applies with particular force to its balancing of probative value against

6

unfair prejudice pursuant to Rule 403. See United States v. Quinones, 511 F.3d 289, 310 (2d Cir. 2007). Indeed, on such review, we "must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Rubin, 37 F.3d 49, 53 (2d Cir. 1994) (internal quotation marks omitted). Further, where, as here, Barnes raised no 403 objection in the district court to his own or Plaskett's statements, our review of challenges to those statements is limited to plain error. See United States v. Marcus, 560 U.S. 258, 262 (2010). Here, we identify no error, much less plain error, in any of the district court's rulings.

In evaluating Barnes's challenge to the admission of his own statement about killing a rival drug dealer who had intruded on his crack-dealing territory, we note at the outset that the statement was not admitted as "other crime" evidence, see Fed. R. Evid. 404(b), but as direct proof of the charged crack conspiracy and of Barnes's firearms possession related to that conspiracy. As such, it was highly probative. See United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992) (recognizing high probative value of evidence providing conduct that was "part of the very act charged"); United States v. Jamil, 707 F.2d 638, 643 (2d Cir. 1983) (recognizing substantial probative value of tape recording that provided direct evidence of knowledge element of crime charged). While Barnes maintains that the statement was, nevertheless, prejudicial to his defense on the McNeil murder charge because it could have been construed by the jury to demonstrate his propensity to kill, he cannot show that such prejudice "substantially outweighed" the

7

evidence's probative value where, as here, the government never used the evidence for that impermissible purpose, and Barnes sought no limiting jury instruction.

Barnes does not dispute the probative value of Plaskett's statement in proving the charged McNeil murder. Rather, he argues that the statement unduly influenced the jury given the general weakness of the government's case against Barnes for that murder. But for evidence to be unfairly prejudicial under Rule 403, it must "tend[] to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." United States v. Curley, 639 F.3d 50, 57 (2d Cir. 2011) (internal quotation marks omitted). Because the only fact that the Plaskett statement tends to prove is that Plaskett and Barnes killed McNeil, the central fact at issue on the trial, there was no Rule 403 error in its admission.

Barnes argues that McNeil's statement of intent to kill Barnes was irrelevant. To the contrary, the statement was highly probative in establishing Barnes's own motive to murder McNeil.

In a pro se submission, Barnes further argues that the district court erred in admitting McNeil's hearsay statement under Fed. R. Evid. 804(b)(3) (creating exception for statements against penal interest), citing United States v. Butler, 71 F.3d 243, 253 (7th Cir. 1995) (holding 804(b)(3) "exception does not cover statements that 'possibly could' or 'maybe might' lead to eventual criminal liability"). While Butler does not control this court, even assuming that we were to agree with its construction of 804(b)(3), we would

8

not identify error in the admission of McNeil's statement because he did not simply express an intent "possibly" or "maybe" to murder Barnes; he affirmatively recruited his girlfriend to help him locate Barnes in order to commit the murder. In these circumstances, we identify no abuse of discretion under Rules 403 or 804(b)(3) in the district court's admission of McNeil's statement. Indeed, the district court's preclusion of other statements by McNeil relating to his belief that Barnes wanted to kill him reflects the court's careful application of these rules and its "conscientious[ness] in ensuring against unfair prejudice." United States v. Abu-Jihaad, 630 F.3d 102, 133 (2d Cir. 2010).

b. Request for Multiple Conspiracy Charge

Barnes faults the district court's refusal to give a multiple conspiracy charge with respect to the crack distribution conspiracy charged in Count 1. To secure reversal, he must demonstrate "substantial prejudice," a particularly heavy burden where, as here, a defendant stands trial alone, and there is no risk of prejudicial spillover. United States v. Cusimano, 123 F.3d 83, 89 (2d Cir. 1997). Moreover, the "refusal to give a multiple conspiracy charge does not prejudice defendant where there was ample proof before the jury for it to find beyond a reasonable doubt that defendant was a member of the conspiracy charged in the indictment." United States v. Vasquez, 113 F.3d 383, 386 (2d Cir. 1997).

Barnes cannot demonstrate substantial prejudice in this case because (1) the district court specifically charged the jury that it had to find the conspiracy stated in the indictment and Barnes's membership in that conspiracy proved beyond a reasonable doubt, and (2) the

9

record evidence was sufficient to support a jury finding that the government carried this burden. Cooperating witnesses' testimony about purchases made from drug dealers other than Barnes warrants no different conclusion because the evidence showed that Barnes remained the central player in the charged "collective venture directed toward a common goal," United States v. Berger, 224 F.3d 107, 114 (2d Cir. 2000), even as other members, not always knowing each other's identities or roles, came and went, see United States v. Vazquez, 113 F.3d at 387.

Accordingly, because Barnes cannot demonstrate substantial prejudice from the district court's refusal of a multiple conspiracy charge, we identify no error warranting reversal.

2.    Consecutive Sentences

Barnes faults the district court for imposing consecutive sentences for each 18 U.S.C. § 924(c)(1) count of conviction in the absence of a jury finding that different guns were used in furtherance of the narcotics conspiracy at issue in Count 2 and the McNeil murder at issue in Count 7. Because § 924(c)(D)(ii) expressly prohibits concurrent sentencing for two distinct § 924(c)(1) convictions, Barnes's argument is reasonably construed to complain of multiplicity, which is not present here. See United States v. Mejia, 545 F.3d 179, 204 (2d Cir. 2008).

In general, multiple § 924(c)(1) convictions are impermissible when they rest on the same "unit of prosecution," i.e., when they "punish a defendant twice for continuous

10

possession of a firearm in furtherance of co-terminous predicate offenses involving essentially the same conduct." United States v. Wallace, 447 F.3d 184, 187–88 (2d Cir. 2006) (internal quotation marks omitted). Where, as here, predicate offenses are distinct in time and conduct, however, involvement of the same weapon will not bar consecutive sentences. See United States v. Salameh, 261 F.3d 271, 277–79 (2d Cir. 2001) (upholding consecutive sentences for § 924(c)(1) violations involving same bomb, where predicate offenses were not co-terminous and punished defendant separately for carriage and use); see also United States v. Mejia, 545 F.3d at 205–06 (holding that single conspiracy connecting multiple assaults does not preclude treating assaults as separate predicate offense, nor does fact that assaults are clustered in time and space merge them into one predicate crime).

Moreover, overwhelming trial evidence showed that Barnes possessed multiple firearms in the course of his decade long crack distribution conspiracy. Because many of the firearms were seized by law enforcement officers prior to May 15, 2010, the date of the McNeil murder, those firearms, carried and used on multiple occasions to drive rival drug dealers from Barnes's territory, could not have been the firearm used in the McNeil shooting. Thus, the evidence was plainly sufficient for the jury to base the Count 2 firearms conviction on evidence distinct from the Count 7 firearms conviction. See United States v. Malpeso, 115 F.3d 155, 170 (2d Cir. 1997) (rejecting challenge to two § 924(c) convictions where evidence "overwhelmingly established that [defendant] carried

11

guns on several occasions" throughout charged conspiracy, leaving "no realistic possibility" that jury conviction on both counts was based on single shooting).

Insofar as Barnes complains of the district court's failure to give a specific jury instruction or to pose an interrogatory as to the firearms at issue in the two § 924(c) crimes of conviction, his failure to request such an instruction or interrogatory limits our review to plain error, see United States v. Botti, 711 F.3d 299, 308 (2d Cir. 2013), which we do not identify in light of the multiple firearms evidence just referenced, see United States v. Washington, 861 F.2d 350, 352–53 (2d Cir. 1988).

Accordingly, we conclude that the district court correctly imposed consecutive sentences on both Counts 2 and 7.

3.    Conclusion

We have considered Barnes's remaining arguments on appeal, and we conclude that they are without merit.   Accordingly, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court