UNITED STATES of America,

v.

Jonathan FERNANDES, Defendant.

No. 6:14–CR–6043 EAW.

United States District Court,
W.D. New York.

Signed July 23, 2015.

Jennifer M. Noto, U.S. Attorney's Office, Rochester, NY, for United States of America.

Robert G. Smith, Federal Public Defender, Rochester, NY, for Defendant.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### BACKGROUND

Defendant Jonathan Fernandes ("Defendant") is charged in a superseding indictment with thirteen counts of drugs and firearms offenses, allegedly in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(c)(1), 843(a)(6), 843(d)(2), 844(a), and 856(a)(1), and 18 U.S.C. § 924(c)(1)(A). (Dkt. 41). Defendant is also charged with one count of witness tampering, allegedly in violation of 18 U.S.C. § 1512(b)(1) and 2. (*Id.*). The case is scheduled for trial to commence on August 17, 2015. (Dkt. 90).

On June 23, 2015, Defendant submitted to the Court an *ex parte* motion under seal, requesting a subpoena *duces tecum* pursuant to Fed.R.Crim.P. 17(c). (Dkt. 95).[1] Defendant seeks to obtain two presentence investigation reports prepared in connection with a New York State criminal matter tried in Steuben County, over a decade earlier. (*Id.* at ¶ 3). The presentence investigation reports are dated April 5, 2000, and September 24, 2002, and relate to prior criminal charges against an alleged confidential informant who may

testify against Defendant at trial. (*Id.*). Defendant contends that he is entitled to discover these reports in order to present an adequate defense. (*Id.* at ¶ 4).

Because the confidential informant's presentence investigation reports maintained by the County of Steuben are protected by New York State law and are not within the proper scope of a subpoena request under Fed.R.Crim.P. 17, Defendant's application is denied.

### DISCUSSION

#### I. N.Y.Crim. P. Law § 390.50

██ N.Y.Crim. P. Law § 390.50 pertains to state court presentence investigation reports or "PSI's." That statute provides that PSI's are "confidential and may not be made available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court." N.Y.Crim. P. Law § 390.50(1). It is well-settled that a PSI may not be disclosed in collateral proceedings, absent a showing of factual need. *See People v. Fishel*, 128 A.D.3d 15, 18 (3d Dep't 2015) ("Under CPL 390.50, criminal defendants themselves are not entitled to their PSI in collateral proceedings, absent statutory authority, except under limited conditions, i.e., upon a proper factual showing of need...."); *Blanche v. People*, 193 A.D.2d 991, 992, 598 N.Y.S.2d 102 (3d Dep't 1993) (denying petitioner's request for a copy of his presentence report prepared in connection with a prior criminal action against him, as he "failed to make any factual showing sufficient to warrant the disclosure of the report to him."). Indeed, under New York law, while a criminal defendant is entitled to cross-examine witnesses for impeachment purposes, he may not do

---

1. Although the motion was filed *ex parte* under seal pursuant to Rule 17 of the Federal Rules of Criminal Procedure, the Court advised defense counsel that it intended to publicly file its Decision and Order denying the application so as to ensure that the record was clear. Defense counsel had no objection.

so with a PSI prepared for another proceeding. *See People v. Kim,* 144 A.D.2d 572, 574, 534 N.Y.S.2d 427 (2d Dep't 1988) (defendant may not engage in "an unrestrained foray into confidential records in the hope that the unearthing of some unspecified information would enable him to [further] impeach the witness." (quoting *People v. Gissendanner,* 48 N.Y.2d 543, 548, 423 N.Y.S.2d 893, 399 N.E.2d 924 (1979)) (alteration in original)).

█ In addition, "disclosure of the report under CPL 390.50(1) may not be authorized by the court presiding in [a] collateral matter. That is in keeping with the case law ... [requiring] that the CPL 390.50(1) application be made to the sentencing court." *People v. Vasquez,* 23 Misc.3d 1113(A), 885 N.Y.S.2d 713, 2009 WL 1058591, at *2, 2009 N.Y. Misc. LEXIS 874, at *5 (N.Y. City Ct. Apr. 17, 2009); *see also Fishel,* 128 A.D.3d at 19. In other words, under state law, only the court for which the PSI was prepared may authorize the release of the PSI.

## II. Fed.R.Crim.P. 17(c)

▪ █ Fed.R.Crim.P. 17(c) governs the production of documents and objects by subpoena. A party seeking a Rule 17(c) subpoena for pretrial production must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial;

and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon,* 418 U.S. 683, 699, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). "In other words, under the test adopted by the Supreme Court in [*Nixon,*] the proponent of a subpoena returnable before trial must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Rajaratnam,* 753 F.Supp.2d 317, 320 (S.D.N.Y.2011) (internal quotations and citation omitted).

█ "Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." *United States v. Cuthbertson,* 630 F.2d 139, 146 (3d Cir. 1980). In other words, while it is permissible for a criminal defendant to issue a Rule 17(c) subpoena, Rule 17 is "not intended to provide an additional means of discovery," *see Bowman Dairy Co. v. United States,* 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951), but rather provides a method "to expedite the trial by providing a time and place *before* trial for the inspection of subpoenaed materials," *see Nixon,* 418 U.S. at 698–99, 94 S.Ct. 3090 (emphasis in original). *See also United States v. Louis,* No. 04 Cr. 203(LTS), 2005 WL 180885, at *3, 2005 U.S. Dist. LEXIS 1087, at *8 (S.D.N.Y. Jan. 27, 2005) (purpose of 17(c) subpoena is "trial-focused" and may be used "only to obtain materials admissible as evidence at trial."). Rule 17(c) subpoenas may be used only to obtain "evidentiary" material. *Bowman Dairy Co.,* 341 U.S. at 219–20, 71 S.Ct. 675.[2]

---

2. Some courts, including one from this district, have suggested that *Nixon's* requirement that the material be "evidentiary" should not apply to subpoenas directed to third parties, as opposed to the Government. *United States v. Nachamie,* 91 F.Supp.2d 552, 562–63 (S.D.N.Y.2000) (requirement that the material

sought be "evidentiary" may not be appropriate in the context of a defendant seeking material from a third party); *see also United States v. Tucker,* 249 F.R.D. 58, 66 (S.D.N.Y. 2008) (defendant "need only show that the request is (1) reasonable, construed as 'mate-

"A party seeking issuance of a Rule 17(c) subpoena for production of material prior to trial has the burden of showing good cause." *United States v. Capalbo*, No. S4 02 Cr. 1237(SWK), 2005 U.S. Dist. LEXIS 47025, at *2 (S.D.N.Y. Feb. 18, 2005). "The court assesses and controls the extent to which the Rule is used in a good-faith effort to obtain evidence 'by its power to rule on motions to quash or modify.'" *Louis*, 2005 WL 180885, at *3, 2005 U.S. Dist. LEXIS 1087, at *8 (quoting *Bowman Dairy Co.*, 341 U.S. at 220, 71 S.Ct. 675).

## III. Defendant's Request for the PSI's

Defendant's request for the PSI's must be denied for several reasons.

First, the PSI's are generated pursuant to state law and, based upon the authority discussed above, are considered confidential, not generally discoverable for purposes of collateral proceedings, and may only be disclosed by the sentencing court for which the PSI was prepared. In other words, the PSI's plainly would not be available to Defendant if he was being prosecuted in state court. While this Court has not seen any case law addressing whether a federal court may order the production of these PSI's in advance of a federal criminal trial notwithstanding the contrary provisions under state law, it is against this backdrop of confidentiality and limited disclosure that the Court must evaluate Defendant's request. In other words, even if this Court were to determine that it has the authority to order the disclosure of the PSI's, it must at least consider New York's policy restricting the disclosure of these state-law-generated documents. *See King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y.1988) (judges need not ignore state privacy rules, as "[s]tate rules may illustrate important privacy interests...."); *Haus v. City of N.Y.*, No. 03 Civ. 4915(RWS)(MHD), 2006 WL 3375395, at *2, 2006 U.S. Dist. LEXIS 85225, at *7 (S.D.N.Y. Nov. 17, 2006) (in civil rights case, where plaintiffs sought to unseal data worksheets of district attorney which were protected by the state sealing statute, stating that "federal courts should, in the spirit of comity, take into consideration the policy interests embodied in state privileges and related state laws limiting disclosure of confidential materials, at least to the extent that they can be reconciled with federal policy interests...."); *Rossney v. Travis*, No. 00 Civ. 4562(JGK), 2003 WL 135692, at *12, 2003 U.S. Dist. LEXIS 625, at *36–37 (S.D.N.Y. Jan. 17, 2003) (where *habeas corpus* petitioner sought disclosure of his institutional file, including a presentence investigation report, holding that "[i]t would be particularly inappropriate for this Court to order disclosure of the in camera materials as to which the petitioner seeks disclosure.... [T]here are careful regulations and procedures governing access to pre-sentence reports and to materials used by the Division of Parole."), *aff'd*, 93 Fed.Appx. 285 (2d Cir.2004).

---

rial to the defense,' and (2) not unduly oppressive for the producing party to respond."); *United States v. Soliman*, No. 06CR236A, 2009 WL 1531569, at *3–4, 2009 U.S. Dist. LEXIS 45194, at *9–12 (W.D.N.Y. May 29, 2009) (same); *cf. Rajaratnam*, 753 F.Supp.2d at 320 n. 1 ("The Court is unaware of any other decision applying a test less restrictive than the *Nixon* test to a Rule 17(c) subpoena issued to a third party...."). The Second Circuit Court of Appeals has not adopted this less-restrictive test. *See United States v. Barnes*, 560 Fed.Appx. 36, 40 n. 1 (2d Cir.2014) (declining to address the defendant's argument that the court "forego the *Nixon* standard for the more permissive standard employed in *[Tucker]*...."), *cert. denied*, — U.S. —, 134 S.Ct. 2715, 189 L.Ed.2d 754 (2014). Here, even without considering the "evidentiary" nature of the PSI's, Defendant's request for the PSI's would not be warranted for the other reasons discussed in Part III of this Decision and Order.

 Second, Defendant has failed to offer any factual basis for disclosure of the PSI's. Instead, Defendant's request is general and unspecific, amounting to nothing more than a fishing expedition in the hopes that the disclosure of the PSI's may ultimately lead to the disclosure of information that could be used on cross-examination for impeachment if, in fact, this alleged confidential informant testifies. Defendant makes no allegation that the state court proceedings from over a decade ago are related to the current criminal proceeding, and at best, Defendant appears to suggest that the PSI's may provide details concerning the witness's alleged violations of probation some thirteen or more years ago. Defendant's quest for this information represents a classic fishing expedition which is outside the permissible scope of Rule 17.

Third, any evidentiary value of the reports is negated by the fact that they will likely be inadmissible for impeachment purposes at trial because the reports relate to criminal convictions that are more than ten years old. *See* Fed.R.Evid. 609(b) (placing limit on using evidence of prior criminal convictions that are more than ten years old). "The weight of authority holds that in order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence." *United States v. Cherry*, 876 F.Supp. 547, 552 (S.D.N.Y.1995); *see also United States v. Murray*, 297 F.2d 812, 821 (2d Cir.1962) ("Rule 17(c) is a device solely for the obtaining of evidence for the use of the moving party, permitting him to examine the material obtained before trial only where, in the discretion of the court, it is necessary that he do so in order to make use of the material as evidence."). In other words, even if the confidential informant was called to testify at trial, it is unlikely that any of the information contained in the PSI's would be admissible. Accordingly, the presentence investigation reports cannot be considered "evidentiary" within the meaning of Fed.R.Crim.P. 17(c).

## CONCLUSION

For the foregoing reasons, Defendant's motion for a subpoena *duces tecum* is denied.

SO ORDERED.