■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY LEE LEWIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, convicted of second degree murder (Penal Law § 125.25 [1]) and a related crime, claims that the verdict was not supported by the evidence and that his sentence was excessive. We disagree. The jury, after hearing the facts of the brutal slaying, was free to reject defendant's claim that he acted under extreme emotional disturbance as properly charged by the court. There is no merit to defendant's other claim. (Appeal from judgment of Erie County Court, Dillon, J.—murder, second degree, and criminal possession of weapon, third degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GRISANTI, JR., Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant pleaded guilty to one count of possession of gambling records in the first degree (Penal Law § 225.20 [1]) in full satisfaction of a two-count indictment. The court levied a fine in the sum of $4,500 and sentenced defendant to a term of probation for a period of five years. As one of the conditions of defendant's probation, the court directed that defendant must submit himself to a warrantless search of his person, his residence and his automobile at any time by his probation officer. The People concede that the warrantless search provision of defendant's probationary sentence should be deleted as contrary to law (see, People v Suttell, 109 AD2d 249).

The court properly denied defendant's motion to suppress the items seized from his person in accordance with the terms of a valid search warrant (see, People v Sanin, 60 NY2d 575). (Appeal from judgment of Erie County Court, Dillon, J.— possession of gambling records, first degree.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.