■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BRAUN, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following Memorandum: The record fully supports the suppression court's finding that defendant's arrest was based upon probable cause. Moreover, the incriminating evidence justifying the seizure of defendant's automobile was not the result of an illegal arrest, but was based on probable cause arising from facts developed in the process of the police investigation and before an arrest was effected *(see, People v Kozlowski,* 69 NY2d 761; *People v Maltese,* 149 AD2d 626, *lv denied* 74 NY2d 743). The sentence, however, must be modified with respect to three conditions of defendant's probation. The conditions permitting the probation officer, at any time without advance notice, to search defendant's residence and to compel defendant to submit to a blood alcohol test are contrary to law and must be stricken *(see,* CPL 410.50 [3]; *People v Grisanti,* 126 AD2d 938, *lv denied* 69 NY2d 950; *People v Suttell,* 109 AD2d 249, *lv denied* 66 NY2d 767). Further, we find that there is no justifiable reason advanced for the condition imposing a curfew on defendant between 8:00 P.M. to 6:00 A.M., seven days a week, except with the permission of his probation officer. In our view, that condition is harsh and excessive, is unrelated to defendant's rehabilitation or to his leading a law-abiding life and, therefore, it must be stricken (Penal Law § 65.10 [2] *[l]*). In all other respects, the sentence of probation was legal and was not harsh and excessive. (Appeal from Judgment of Erie County Court, La Mendola, J.—Leaving Scene of Accident.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.