■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURIE A. NEPHEW, Appellant. [606 NYS2d 452] —Cardona, P. J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered September 28, 1992, convicting defendant upon her plea of guilty of the crime of grand larceny in the fourth degree.

On August 21, 1992, defendant entered a negotiated plea of guilty to a prosecutor's information charging her with grand larceny in the fourth degree based upon her theft of money totaling $1,303.33. Defendant admitted stealing three of her employer's checks, making them out to herself and cashing them.

On September 28, 1992, in accordance with the parameters of her plea bargain, defendant was sentenced to a period of intermittent imprisonment consisting of five weekends in jail and placed on probation for five years. Among the conditions imposed by County Court was one which prohibited her from holding a checking account, credit cards, or any other type of account with any bank or lending institution except a passbook type of account. On this direct appeal, defendant challenges that condition.

Initially, we note that defendant's waiver of her right to appeal from the judgment as part of her plea agreement precludes review of the subject condition under a harsh and excessive analysis *(see, People v Baker,* 195 AD2d 700), which encompasses defendant's claims that it was not reasonably justified, necessary to her leading a law-abiding life or related to her rehabilitation *(see,* Penal Law § 65.10 [1], [2] *[l]; People v Braun,* 177 AD2d 981). Defendant's challenge to the legality of the sentence imposed cannot be waived *(see, People v Seaberg,*

74 NY2d 1, 9). In reviewing the merits of this challenge, we find that the condition is not contrary to law *(cf., People v Grisanti,* 126 AD2d 938, *lv denied* 69 NY2d 950). We note that County Court is authorized to modify the conditions of its probationary sentence *(see,* Penal Law § 65.00 [2]).

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.