*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 2, 2015        106100
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                        OPINION AND ORDER

GEORGE W. FISHEL III,
               Appellant.
_____


Calendar Date: February 10, 2015

Before: Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

     Martin J. McGuinness, Saratoga Springs, for appellant.

     Glenn MacNeill, Acting District Attorney, Malone, for respondent.

_____

Devine, J.

     Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered May 13, 2013, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the second degree.

     In satisfaction of an indictment charging him with one count each of criminal sexual act in the first degree and endangering the welfare of a child, defendant entered an Alford plea to criminal sexual act in the second degree and waived his right to appeal. He was sentenced, as agreed, to 10 years of probation and required to register as a sex offender. As relevant here, conditions 17 and 32 of the court-ordered probation provided that a copy of the presentence investigation report (hereinafter PSI) would be made available upon request to

any agency or individual involved in the evaluation, treatment or rehabilitation of defendant, if the request were deemed appropriate by the Probation Department, and required defendant to consent to release of the PSI to any sex offender treatment provider. Defendant now appeals.

Initially, we reject defendant's argument that his appeal waiver was invalid. County Court adequately described the nature of the waiver without "lumping [it] into the panoply of trial rights automatically forfeited" by a guilty plea (People v Lopez, 6 NY3d 248, 257 [2006]), and confirmed defendant's understanding of the waiver on multiple occasions (see id. at 254-255, 257). Moreover, the court explained that, although defendant would ordinarily retain the right to appeal upon pleading guilty, the particular proposal being offered required him to give up that right except as to constitutional issues and any violation by the court of its sentencing commitment (see id. at 257). Under these circumstances, County Court properly advised defendant that his appellate rights were separate and distinct from those automatically forfeited upon a guilty plea, and the record is sufficient to establish that defendant knowingly, intelligently and voluntarily waived his right to appeal (see id. at 256-257; see also People v Bradshaw, 18 NY3d 257, 264 [2011]).

That said, even a valid waiver of the right to appeal will not bar a challenge to an illegal sentence (see People v Lopez, 6 NY3d at 255; People v Callahan, 80 NY2d 273, 280 [1992]). Similarly, although defendant concedes that his challenges were not properly preserved, there is a "narrow exception to [the] preservation rule permitting appellate review when a sentence's illegality is readily discernible from the trial record" (People v Santiago, 22 NY3d 900, 903 [2013]; see People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Samms, 95 NY2d 52, 55-56 [2000]). The Court of Appeals has recognized that this "illegal sentence" exception encompasses a defendant's claims that a probation condition is unlawful because it is not reasonably related to rehabilitation or is outside the authority of the court to impose (see People v Letterlough, 86 NY2d 259, 261, 263 n 1 [1995]; see also People v Samms, 95 NY2d at 56). Thus, inasmuch as the claims advanced herein implicate the legality of defendant's sentence and any illegality is evident on the face of the record,

those claims are not barred by either defendant's failure to preserve them or his valid waiver of the right to appeal (see People v Letterlough, 86 NY2d at 263 n 1; People v McElhearn, 56 AD3d 954, 955 [2008], lv denied 13 NY3d 747 [2009]; Matter of Brandon W., 28 AD3d 783, 784-785 [2006], lv denied 7 NY3d 707 [2006]).[1]

Turning to the merits, we agree with defendant that conditions 17 and 32 are illegal because they violate the restrictions on disclosure of PSIs contained in CPL 390.50 and, therefore, those conditions must be vacated. CPL 390.50 (1) provides that a PSI "is confidential and may not be made available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court" (emphasis added). The court that is referenced in CPL 390.50 (1) is the sentencing court (see Matter of Holmes v State of New York, 140 AD2d 854, 855 [1988]). While the People argue that the challenged conditions constitute specific authorization of disclosure by the sentencing court, condition 17, on its face, is a blanket delegation to the Probation Department to authorize disclosure of the PSI to treatment providers if the department deems the request appropriate. In our view, such a general authorization of disclosure by the Probation Department is contrary to both the statutory mandate of specific authorization and this Court's direction that only the sentencing court can grant that authorization.

_____

[1] In People v Nephew (200 AD2d 799 [1994]), this Court stated that a valid appeal waiver bars a claim that a probation condition "was not reasonably justified, necessary to [the defendant] leading a law-abiding life or related to her rehabilitation" (id. at 799). Nephew predated the Court of Appeals' decisions in People v Letterlough (supra) and People v Samms (supra), which established that such a claim amounts to a challenge to the legality of the condition (see People v Samms, 95 NY2d at 56; People v Letterlough, 86 NY2d at 263 n 1), and it should no longer be followed.

Moreover, the requirement in condition 32 that defendant consent to disclosure of the PSI is similarly contrary to law. Under CPL 390.50, criminal defendants themselves are not entitled to their PSI in collateral proceedings, absent statutory authority, except under limited conditions, i.e., upon a proper factual showing of need (see Matter of Campney v People, 279 AD2d 882, 882 [2001]; Matter of Blanche v People, 193 AD2d 991, 991-992 [1993]; Matter of Holmes v State of New York, 140 AD2d at 855). Even when a defendant has demonstrated a need for disclosure, he or she is never "automatically entitled to an unredacted copy of [the PSI]" (Matter of Shader v People, 233 AD2d 717, 717 [1996]). Rather, in light of the requirement of specific authorization and given the sentencing court's discretion to except portions of a PSI from disclosure, the court must make a determination whether redaction is appropriate (see Matter of Rogner v People, 81 AD3d 1092, 1092-1093 [2011]; Matter of Gutkaiss v People, 49 AD3d 979, 980 [2008]; Matter of Shader v People, 233 AD2d at 717). That is, under the statute, a defendant cannot demand or "consent" to release of the entire, unredacted PSI — only the sentencing court can permit the release of the PSI after the party requesting it has shown that the information cannot be obtained in any other way, and only after the court has considered whether redaction is necessary.

In sum, because conditions 17 and 32 represent a general authorization by County Court to permit the Probation Department to release the PSI when that department deems it appropriate, they violate CPL 390.50 (1). Accordingly, they are invalid and must be vacated (see People v Sawinski, 246 AD2d 689, 692 [1998], lv denied 91 NY2d 930 [1998]; People v Bennor, 228 AD2d 745, 745-746 [1996]; People v Martinez, 202 AD2d 735, 738 [1994]). Defendant's remaining arguments are rendered academic by our decision.

Lahtinen, J.P., Garry and Lynch, JJ., concur.

ORDERED that the judgment is modified, on the law, by vacating probation conditions 17 and 32, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court