People v Bentley (2020 NY Slip Op 04717)





People v Bentley


2020 NY Slip Op 04717


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


735 KA 18-01761

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT T. BENTLEY, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), dated April 30, 2018. The order denied the petition of defendant for a downward modification of his risk level pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order denying his petition pursuant to Correction Law § 168-o (2) seeking to modify the prior determination that he is a level three risk pursuant to the Sex Offender Registration Act (SORA) (§ 168 et seq.). We affirm.
As the party seeking a modification of his SORA risk level determination, defendant had the "burden of proving the facts supporting the requested modification by clear and convincing evidence" (Correction Law § 168-o [2]; see People v Williams, 170 AD3d 1531, 1531 [4th Dept 2019]; People v Cullen, 79 AD3d 1677, 1677 [4th Dept 2010], lv denied 16 NY3d 709 [2011]). Contrary to defendant's contention, he failed to meet that burden (see People v Charles, 162 AD3d 125, 140 [2d Dept 2018], lv denied 32 NY3d 904 [2018]; People v Johnson, 124 AD3d 495, 496 [1st Dept 2015]; see generally People v Lashway, 25 NY3d 478, 484 [2015]). It is well settled that "the relevant inquiry regarding Correction Law § 168-o (2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Anthony, 171 AD3d 1412, 1413 [3d Dept 2019]). Here, the evidence at the hearing on the petition to modify the SORA risk level determination failed to establish that defendant completed sex offender treatment. Additionally, the evidence demonstrated that defendant has not addressed the mental health issues from which he suffers, and that he was subsequently convicted of several crimes arising from his plan to kidnap and rape his probation officer. Thus, defendant failed to submit clear and convincing evidence of facts supporting the requested modification (see generally People v Austin, 182 AD3d 937, 938-939 [3d Dept 2020]; Anthony, 171 AD3d at 1413).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court