People v Sessoms (2021 NY Slip Op 02191)





People v Sessoms


2021 NY Slip Op 02191


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

110067
[*1]The People of the State of New York, Respondent,
v
Lance R. Sessoms, Appellant.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Clark, J.
Appeal from an order of the County Court of Albany County (Carter, J.), entered September 21, 2017, which denied defendant's motion pursuant to CPL 390.50 for a copy of his presentence investigation report.
Defendant was convicted in 1988 of murder in the second degree (four counts), robbery in the first degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree and was sentenced in the aggregate to a prison term of 82½ years to life (200 AD2d 850 [1994], lv denied 83 NY2d 915 [1994]). Upon appeal, this Court modified the sentence imposed to an aggregate prison term of 75 years to life but otherwise affirmed the judgment of conviction (id. at 851). Defendant, who will not be eligible for parole until 2063, thereafter moved pursuant to CPL 390.50 to obtain a copy of his presentence investigation report "in connection with an application to request Executive Clemency as well as for program purposes." County Court denied defendant's motion without prejudice, concluding that defendant had not made a sufficient factual showing for the release of the requested report. This appeal ensued.[FN1]
We affirm. CPL 390.50 (2) requires a court — in response to a defendant's written request — to provide such defendant with a copy of his or her presentence investigation report (subject to redaction) for, among other things, "use before the parole board for release consideration." In conjunction with such request, however, the defendant must "affirm that he or she anticipates an appearance before the parole board" (CPL 390.50 [2]). As defendant will not be eligible for parole until 2063, County Court found — and defendant does not seriously dispute — that release of defendant's presentence investigation report is not authorized by CPL 390.50 (2).
Defendant nonetheless argues that County Court should have released the requested report under the provisions of CPL 390.50 (1). A presentence investigation report "is confidential and may not be made available to any person . . . except where specifically required or permitted by statute or upon specific authorization of the court" (CPL 390.50 [1]). "Where no statutory authority is cited, a [defendant] may be entitled to disclosure of the report upon a proper factual showing for the need thereof" (Matter of Gutkaiss v People, 49 AD3d 979, 979 [2008] [internal quotation marks and citation omitted]; see People v Fishel, 128 AD3d 15, 19 [2015]; Matter of Rogner v People, 81 AD3d 1092, 1092 [2011]; Matter of Davis v People, 52 AD3d 997, 997 [2008]). Although County Court did not expressly reference CPL 390.50 (1) in denying defendant's motion for release of his presentence investigation report, the court did find that defendant's "conclusory" request for such document failed to provide a sufficient factual showing for the need thereof. Indeed, defendant simply asserted that he needed a copy of his presentence investigation report "in connection with an [*2]application to request Executive Clemency as well as for program purposes." Absent elaboration or further explanation, we cannot say that defendant made a proper factual showing warranting release of the requested report under CPL 390.50 (1) (see Matter of Campney v People, 279 AD2d 882, 882 [2001]). Accordingly, County Court properly denied defendant's motion without prejudice.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: The People moved to dismiss the appeal on the ground that the order was not appealable. This Court denied the motion. In their brief, the People once again argue that the order is not appealable. However, the People may not relitigate or reargue the appealability issue.