People v Ross (2022 NY Slip Op 06384)

People v Ross

2022 NY Slip Op 06384

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND WINSLOW, JJ.

815 KA 21-01131

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES ROSS, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 9, 2020. The order denied the petition of defendant to modify his risk level pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order denying his petition pursuant to Correction Law § 168-o (2) seeking to modify the prior determination that he is a level three risk pursuant to the Sex Offender Registration Act (§ 168 et seq.). We affirm. Contrary to defendant's contention, he failed to meet his " 'burden of proving the facts supporting the requested modification by clear and convincing evidence' " (People v Higgins, 55 AD3d 1303, 1303 [4th Dept 2008], quoting § 168-o [2]; see People v Bentley, 186 AD3d 1135, 1136 [4th Dept 2020], lv denied 36 NY3d 903 [2020]; People v Anthony, 171 AD3d 1412, 1413-1414 [3d Dept 2019]). Here, the evidence at the hearing on the petition failed to establish that defendant completed sex offender treatment. In addition, the evidence demonstrated that after defendant was initially adjudicated a level three risk, defendant was convicted of murder based on his attack on his ex-girlfriend in front of her young children. We conclude that defendant failed to submit clear and convincing evidence that conditions changed subsequent to the initial risk level determination warranting the requested modification (see Bentley, 186 AD3d at 1136; see generally People v Knox, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]; People v Perry, 174 AD3d 1234, 1236 [3d Dept 2019], lv denied 34 NY3d 905 [2019]).
We have considered defendant's remaining contention, and we
conclude that it does not require modification or reversal of the order.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court