People v Garcia (2023 NY Slip Op 00164)

People v Garcia

2023 NY Slip Op 00164

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Ind. No. 4166/00 4166/00 Appeal No. 17090 Case No. 2013-02863 

[*1]The People of the State of New York, Respondent,
v
David Garcia, Defendant-Appellant.

Justine M. Luongo, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

Order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on or about September 30, 2013, which denied defendant's Correction Law § 168-0(2) petition to modify his level two sex offender classification to level one, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the requested modification, for which defendant failed to establish the requisite basis by clear and convincing evidence (see generally People v Lashway, 25 NY3d 478 [2015]). The mitigating factors cited by defendant, including that he did not commit another sex crime since his release from prison on the underlying conviction, are outweighed by the seriousness of the underlying sex crime and other aggravating factors including a history of violent behavior and drug offenses since his release, and noncompliance with registration requirements (see e.g. People v McCormick, 129 AD3d 644 [1st Dept 2015], lv denied 26 NY3d 908 [2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023