People v H.C. (2024 NY Slip Op 24300)

[*1]

People v H.C.

2024 NY Slip Op 24300

Decided on November 26, 2024

Justice Court Of The Town Of Penfield, Monroe County

Mulley Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 26, 2024
Justice Court of the Town of Penfield, Monroe County

The People of the State of New York

against
H.C., Defendant.

File No. XXXXX

Brendon S. Fleming, Esq., First Deputy County Attorney, Monroe County Law Department
William M. Swift, Esq., Attorney for Defendant

James P. Mulley Jr., J.

In 2003, defendant pleaded guilty in Penfield Town Court to sexual misconduct (Penal Law § 130.20), was sentenced to a six year term of probation and designated a level 2 sex offender pursuant to the Sex Offender Registration Act (Corr. L. Article 6-C). He now seeks an order directing that he be provided with a copy of the pre-sentence investigation report (PSI) prepared in connection with that conviction to assist him in preparing and presenting a petition to modify his notification level. The court concludes that defendant is entitled to a redacted copy of the PSI.
Discussion
The Sex Offender Registration Act (SORA) requires the sentencing court to determine the level of notification for persons convicted of specified sex offenses. The three levels of notification are based on an assessment of the offender's risk of reoffense and threat posed to public safety.[FN1]
The notification level determines the scope of information available to the public upon registration (People v Watts, 42 NY3d 60 [2024]). An offender can seek modification of their notification level on an annual basis for as long as they remain registered (Corr. L. § 168-o); People v Parris, 153 AD3d 68 [2d Dept 2017]; see also, Muldoon, Handling a Criminal Case [*2]in New York § 23:104, SORA Modification Proceeding).
Defendant's application for release of his PSI requires consideration of Criminal Procedure Law (CPL) provisions governing the confidentiality of pre-sentence reports and memoranda, and Correction Law (Corr. L.) provisions governing a SORA petition for relief or modification.
A) Confidentiality of pre-sentence reports and memoranda
The confidentiality of pre-sentence reports and memoranda is governed by CPL § 390.50. Under subdivision (1) "any pre-sentence report or memorandum submitted to the court by a probation department in connection with the question of sentence is confidential and may not be made available to any person except where specifically required or permitted by statute or upon specific authorization of the court."
Defendant urges the court to make the PSI available under the exception permitting disclosure "upon specific authorization of the court." The County contends that the exception is not applicable because the PSI was initially prepared for defendant's 2003 sentencing, not the SORA modification proceeding. The County relies on Salamone v Monroe County Department of Probation (136 AD2d 967 [4th Dept 1988]), where the Court held "CPL § 390.50 (1) does not authorize disclosure of a presentence report in a collateral proceeding discrete from the proceeding for which the report was initially prepared, even when requested by the attorney for the subject of the report."
The County's reliance on Salamone is misplaced. Salamone does not necessarily preclude release of a PSI in a SORA modification proceeding, or any other collateral matter. Instead, Salamone simply requires that the application for release of the PSI be made to the sentencing court; not the court presiding over the collateral matter. As stated in People v Vasquez (23 Misc 3d 1113 [Rochester City Court 2009]):
 ...CPL § 390.50(1) does permit the disclosure of pre-sentence reports for use in collateral proceedings. In reviewing the decision and the record on appeal in Salamone, it is noted that defendant made an ex parte application to County Court for disclosure of reports prepared for Family Court Rather than announcing a stark departure from the patent statutory authority granted the court to authorize disclosure, the quoted language in Salamone simply asserts that disclosure of the report under CPL § 390.50(1) may not be authorized by the court presiding in the collateral matter.[FN2]
Since the PSI at issue was initially prepared for sentencing in Penfield Town Court, this court has the authority to release the report pursuant to CPL § 390.50(1). To be entitled to disclosure of the PSI under that section, defendant must make "a proper factual showing of his need thereof" (People v Sessoms, 193 AD3d 1181 [3d Dept 2021]; Matter of Gutkaiss v People, 49 AD3d 979 [3d Dept 2008]).
B) SORA Modification Proceeding
Defendant contends that his intent to gather information for the preparation and presentation of his petition to this court for modification of his SORA notification level constitutes a proper factual showing of his need for the PSI prepared in connection with his 2003 sentencing for sexual misconduct.
As noted above, an offender required to register pursuant to SORA may petition the sentencing court annually for an order modifying the notification level (Corr. L. § 168-o). The offender has the burden of proving the facts supporting the requested modification by clear and convincing evidence (People v Williams, 170 AD3d 1531 [4th Dept 2019]). The relevant inquiry is whether conditions have changed, subsequent to the initial risk level determination, so as to warrant a modification thereof (People v Bentley, 186 AD3d 1135 [4th Dept 2020]; People v Anthony, 171 AD3d 1412 [3d Dept 2019]).
Corr. L. § 168-o (4) sets forth the procedures to be followed when a modification petition is filed. Under subdivision 4, the court shall forward a copy of the petition to the New York State Board of Examiners of Sex Offenders (Board) and request an updated recommendation. The offender has a due process right to disclosure of all materials considered by the board in connection with its recommendation on the modification petition (People v. Lashway, 25 NY3d 478, 484 [2015]). The same is true of any materials relied upon by this court—the offender has the right to review materials that were presented to or relied upon by the court in determining the classification level (People v Baxin, 26 NY3d 6 [2015]; see also People v Wells, 138 AD3d 947 [2d Dept 2016]). In short, if the Board or the court considers the PSI, the offender is entitled to a copy.[FN3]

After receiving the Board's updated recommendation, this court intends to review the PSI before deciding whether the requested modification is warranted. The Court of Appeals recently emphasized that "on a petition for modification , 'the nature of a defendant's crime is a relevant, important factor to be considered by the hearing court' (citations omitted)" (People v Shader, 2024 NY Slip Op 05873 [November 26, 2024]). The PSI is, of course, a critical source of information regarding the nature of defendant's underlying crime. Reviewing the PSI is especially important in cases such as this, where the sentence was imposed more than twenty years ago and the judge who imposed the sentence is retired. Since this court will consider information contained in the PSI before ruling on the requested modification, defendant is also entitled to review the PSI.
Another ground supports disclosure of the PSI. The Correction Law gives an offender seeking modification of the risk level the right to submit to the court "any relevant materials and evidence" (Corr. L. § 168-o (4)).[FN4]
Additionally, the Court of Appeals has recognized that SORA [*3]risk-level classification triggers certain due process safeguards, including the right to offer relevant materials in support of the application (People v Watts, 42 NY3d 60 [2024]. It follows that an offender seeking modification of his risk level should have access to the PSI to identify mitigating factors that may support his petition, as well as to anticipate and rebut aggravating factors likely to be raised in opposition to his petition.[FN5]
Defendant's need to review the PSI is particularly acute where, as here, the passage of time between the initial risk level determination and the request for modification is significant, and defense counsel seeking the modification is not the attorney who represented defendant at the time of the initial determination.
For the above stated reasons the court finds that defendant has made a proper factual showing of need for the PSI.
Finally, the County Attorney correctly asserts that where a defendant makes a proper factual showing for disclosure of the PSI, the court still has the responsibility to determine whether redaction is appropriate (People v Fishel, 128 AD3d 15 [3d Dept 2015]; Matter of Shader v People, 233 AD2d 717 [3d Dept 1996]).
Accordingly, defendant's request for an order directing the Monroe County Office of Probation to provide a copy of the PSI prepared in connection with defendant's 2003 conviction for sexual misconduct is granted. The PSI should first be made available to the court for in camera inspection to determine whether any portions of the report should be redacted.
This constitutes the decision and order of the court.
Dated: November 26, 2024
James P. Mulley Jr.
Penfield Town Justice

Footnotes

Footnote 1:If the risk of repeat offense is low, a level 1 designation shall be given to the offender. If the risk of repeat offense is moderate, a level 2 designation shall be given. If the risk of repeat offense is high and there exists a threat to the public safety a level 3 designation shall be given (Corr. L. § 168-l [6]; Corr. L. § 168-n).

Footnote 2:See also US v Fernandes, 115 F. Supp. 3d 375 (W.D. NY 2015), where it was stated, "disclosure of the report under CPL § 390.50(1) may not be authorized by the court presiding in [a] collateral matter. That is in keeping with the case law ... [requiring] that the CPL § 390.50(1) application be made to the sentencing court." People v Vasquez, 23 Misc 3d 1113(A), (NY Crim Ct. 2009); see also Fishel,128 AD3d at 19. In other words, under state law, only the court for which the PSI was prepared may authorize the release of the PSI."

Footnote 3:Cf. People v Krahmalni, 170 AD3d 444 [1st Dept 2019](disclosure of certain information not required because they were not presented to or relied upon by the Board or the court).

Footnote 4:PSI reports contain relevant, reliable and admissible information. PSI reports are prepared by probation officers who investigate the circumstances surrounding the commission of the offense, defendant's record of criminality, family situation and social, employment, economic, educational and personal history, analyzing that data to provide a sentencing recommendation. PSI reports are considered reliable hearsay, and may provide sufficient evidence to justify the imposition of points at a SORA hearing (CPL § 390.30[1]; People v Diaz, 34 NY3d 1179 [2020]).

Footnote 5:A PSI contains materials that are relevant to the factors cited by courts considering modification applications, such as the seriousness and nature of the underlying crime (People v Garcia, 212 AD3d 468 [1st Dept 2023]; whether the offender accepted responsibility for the offense (People v Parker, 202 AD3d 449 [1st Dept 2022]; whether the offender addressed mental health issues from which he suffered (People v Bentley, 186 AD3d 1135 [4th Dept 2020]; other negative background factors that contributed to the defendant's initial classification (People v Hegazy, 170 AD3d 899 (2nd Dept 2019); whether he has been able to maintain long term sobriety (People v Davis, 179 AD3d 183 [2d Dept 2019]; and the offender's employment history prior to the commission of the offense (People v Outerbridge, 46 Misc 3d 1221 [Supreme Court, Queens County 2015]).