People v Ross (2025 NY Slip Op 04380)

People v Ross

2025 NY Slip Op 04380

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

524 KA 24-00642

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES ROSS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), dated February 28, 2024. The order denied the petition of defendant to modify his risk level pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order denying his petition pursuant to Correction Law § 168-o (2) seeking to modify the prior determination that he is a level three risk pursuant to the Sex Offender Registration Act (SORA) (§ 168 et seq.). We affirm.
Defendant contends that he was denied due process because Supreme Court violated Correction Law § 168-o (4) by prematurely forwarding his unsubstantiated pro se letter, rather than his subsequent modification petition and accompanying submissions, to the Board of Examiners of Sex Offenders for its consideration in preparing an updated recommendation. We conclude that defendant failed to preserve that contention for our review inasmuch as he did not raise an objection to the alleged statutory and procedural due process violation before the SORA court (see People v Singleton, 221 AD3d 1517, 1517-1518 [4th Dept 2023], lv denied 41 NY3d 906 [2024]; People v Leach, 192 AD3d 1507, 1508 [4th Dept 2021]; People v Willis, 130 AD3d 1470, 1471-1472 [4th Dept 2015]; see generally People v Poleun, 26 NY3d 973, 974-975 [2015]; People v Charache, 9 NY3d 829, 830 [2007]). We decline to follow the Third Department precedent advanced by defendant that preservation is not required for alleged procedural violations of Correction Law § 168-o (4) (see e.g. People v Kaminski, 184 AD3d 951, 952 [3d Dept 2020]). We further decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see People v Ellis, 204 AD3d 1388, 1389 [4th Dept 2022]; People v Turner, 188 AD3d 1746, 1746 [4th Dept 2020], lv denied 36 NY3d 910 [2021]).
Contrary to defendant's additional contention, we conclude that he failed to meet his "burden of demonstrating by clear and convincing evidence that a modification of [his] risk level is warranted" (People v Shader, 43 NY3d 129, 137 [2024]; see People v Ross, 210 AD3d 1444, 1444 [4th Dept 2022], lv denied 39 NY3d 908 [2023]; People v Bentley, 186 AD3d 1135, 1136 [4th Dept 2020], lv denied 36 NY3d 903 [2020]). Although defendant submitted some evidence of changed conditions subsequent to his initial risk level classification, including his advancing age and lack of sexual recidivism, the court, in determining that defendant's risk of reoffense and dangerousness to the community remained high, properly considered the heinous nature of the underlying sex offense and defendant's subsequent conviction for murder and other crimes arising from his fatal stabbing of a woman with whom he had been in a relationship in the presence of her young children (see Shader, 43 NY3d at 134-137; Ross, 210 AD3d at 1444; Bentley, 186 AD3d at 1136). We conclude on this record that the court did not abuse its [*2]discretion in denying defendant's modification petition, and we also decline to exercise our own discretion to grant defendant's petition (see generally Shader, 43 NY3d at 134, 137).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court