People v Diaz (2025 NY Slip Op 05403)

People v Diaz

2025 NY Slip Op 05403

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

706 KA 25-00041

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL DIAZ, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Julie M. Hahn, J.), dated October 7, 2024. The order affirmed an order of the Rochester City Court entered December 13, 2022, which denied defendant's petition seeking to modify a prior determination that he is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order of Monroe County Court affirming an order of Rochester City Court that denied defendant's petition pursuant to Correction Law § 168-o (2) for a downward modification of his previously imposed classification as a level two risk pursuant to the Sex Offender Registration Act ([SORA] § 168 et seq.).
Initially, we note that "[a]n appeal may be taken to the appellate division as of right from an order of a county court . . . which determines an appeal from a judgment of a lower court" (CPLR 5703 [b]), and here County Court determined the appeal from an order of City Court, not a judgment. "Nevertheless, where[,] [as here,] the rights of the parties are for all practical purposes finally determined, we conclude that this appeal as of right pursuant to CPLR 5703 (b) is properly before us" (People v Willis, 130 AD3d 1470, 1471 [4th Dept 2015] [internal quotation marks omitted]; see Highlands Ins. Co. v Maddena Constr. Co., 109 AD2d 1071, 1071-1072 [4th Dept 1985]). Having concluded that the appeal is properly before us, we affirm.
A defendant subject to SORA requirements may petition "for an order modifying the level of notification. The petition shall set forth the level of notification sought, together with the reasons for seeking such determination. The sex offender shall bear the burden of proving the facts supporting the requested modification by clear and convincing evidence" (Correction Law § 168-o [2]; see People v David W., 95 NY2d 130, 140 [2000]; People v Ross, 210 AD3d 1444, 1444 [4th Dept 2022], lv denied 39 NY3d 908 [2023]; People v Higgins, 55 AD3d 1303, 1303 [4th Dept 2008]). "[T]he relevant inquiry regarding Correction Law § 168-o (2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Bentley, 186 AD3d 1135, 1136 [4th Dept 2020], lv denied 36 NY3d 903 [2020] [internal quotation marks omitted]). Here, defendant failed to establish that he completed sex offender treatment (see Ross, 210 AD3d at 1444; Bentley, 186 AD3d at 1136), defendant did not successfully complete probation supervision (see generally People v Lashway, 226 AD3d 1270, 1272 [3d Dept 2024]), and defendant failed to properly complete annual SORA registration (see People v Anthony, 171 AD3d 1412, 1414 [3d Dept 2019]). Under the circumstances, City Court did not abuse its discretion in denying defendant's petition, and we decline to exercise our discretion to reverse County Court's order and grant the petition.
Defendant's remaining contention, regarding the adequacy of the recommendation [*2]prepared by the Board of Examiners of Sex Offenders, is unpreserved for our review (see People v Leach, 192 AD3d 1507, 1508 [4th Dept 2021]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court