People v Wallace
2026 NY Slip Op 04070
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRY WALLACE, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
339 KA 25-00512
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT.

Appeal from an order of the Monroe County Court (Karen Bailey Turner, J.), dated September 12, 2024. The order denied the petition of defendant for modification of his risk level pursuant to the Sex Offender Registration Act.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously reversed in the exercise of discretion without costs, the petition is granted and defendant is determined to be a level one risk pursuant to the Sex Offender Registration Act.
Memorandum: Defendant appeals from an order that denied his pro se petition pursuant to Correction Law § 168-o (2) seeking a downward modification of his previously imposed classification as a level two risk pursuant to the Sex Offender Registration Act (SORA).
A defendant subject to SORA requirements may petition "for an order modifying the level of notification. The petition shall set forth the level of notification sought, together with the reasons for seeking such determination. The sex offender shall bear the burden of proving the facts supporting the requested modification by clear and convincing evidence" (Correction Law § 168-o [2]; see People v Ross, 210 AD3d 1444, 1444 [4th Dept 2022], lv denied 39 NY3d 908 [2023]; People v Higgins, 55 AD3d 1303, 1303 [4th Dept 2008]). "[T]he relevant inquiry regarding Correction Law § 168-o (2) applications is whether conditions have changed subsequent to the initial risk level determination warranting a modification thereof" (People v Bentley, 186 AD3d 1135, 1136 [4th Dept 2020], lv denied 36 NY3d 903 [2020] [internal quotation marks omitted]).
Here, County Court did not abuse its discretion in denying the petition inasmuch as defendant failed to establish that he completed sex offender treatment and failed to update his annual photo (see People v Diaz, 242 AD3d 1567, 1568-1569 [4th Dept 2025]). Nonetheless, we reverse the order on appeal in the exercise of our discretion and grant the petition (see generally People v Van Leer, 239 AD3d 779, 781 [2d Dept 2025]). Defendant has not sexually reoffended since his underlying offense requiring registration, and we agree with the determination of the Board of Examiners of Sex Offenders that there is "no compelling reason that would further serve public safety for [defendant] to remain at a [l]evel [two classification inasmuch] as he has shown by his law-abiding behavior for several years that he is capable of leading a prosocial and stable lifestyle."
Defendant's remaining contention is academic in light of our determination.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court